JOSEPH B. SMITH *v. The* MAYOR *and* COMMONALTY *of the* CITY *of* NEW YORK.

One who is appointed to a municipal office, but who is unlawfully excluded therefrom by a third person, who alone performs the duties of the office, cannot recover the compensation allowed by law for such services, without at least showing that he has taken every proper legal measure to obtain possession of the office.

This was an appeal from a judgment entered upon the report of a referee.

It appeared that one John J. Roof was appointed by Charles Devlin, then Street Commissioner, a Deputy Collector of Assessments. That during the suit between one Conover and

Devlin, relative to the street commissionership, he was restrained from exercising his duties as Deputy Collector by an injunction, and that during that time he was, by the direction of Mr. Devlin, present at the Collector's office, ready to perform any services required of him, but that the collections were actually made by one Libby. It also appeared that he had taken no legal proceedings to obtain the office.

Proof was given that Roof could have obtained other paying employment, and what amount would have come to him as compensation had he been permitted to act as deputy collector ; also of the assignment of the claim to the plaintiff.

The complaint alleged that the defendants wholly neglected and refused to allow him to enter upon and discharge the duties of his office, or to furnish him employment in his office, and claimed that the defendants were indebted to him for two thousand five hundred dollars, which he would have received in such office, and damages.

The referee gave judgment for him for the amount of the per centage he would have received on the collections made.

Judgment was entered accordingly, and the defendants appealed.

*Greene C. Bronson,* for the appellants.

I. The claim of a public officer for compensation is not founded upon contract. He is entitled to compensation for services rendered, if provision is made by law for such compensation ; but not otherwise. The right to compensation grows out of the existence of the appropriation, and the rendition of the services which that appropriation is intended to compensate, and not out of any contract between the government and the officer that the services shall be rendered by him. The obligation to render the services arises from the relation of the officer to government and his oath of office, and does not rest upon contract. *Conner* v. *the Mayor, &c., of New York,* 1 Seld., 296 ; *Commonwealth* v. *Bacon,* 6 Serg. and R., 322. (1.) Public offices in this State are not incorporeal hereditaments, nor have they the character or qualities of grants.

They are created for the benefit of the public and not for the benefit of the incumbent. (2.) The public officer occupies a position analogous to that of trustee. No action will lie against government, whether it be the State government or a municipal corporation, upon the ground of a breach of contract. As there is no contract, there can be no breach. (3.) The plaintiff having brought his action upon the ground of a breach of contract, must fail.

II. The plaintiff has mistaken both his rights and his remedy. His assignor, Mr. Roof, if entitled to the office claimed, should have instituted his poceedings in the nature of a *quo warranto* against Mr. Libby, who was performing the duties of the office, and, after judgment of ouster, have recovered damages against the usurper. 2 Rev. Stat. 582, §.34.

III. Plaintiff's assignor was prevented from entering upon the duties of his office, not by the defendants, but by an injunction order of the Supreme Court. The defendants were not parties plaintiff to that suit, and are not responsible for the result. The remedy (if any) was upon the undertaking given at the time the injunction issued.

IV. There is no proof that the defendants in any manner interposed any obstacle to the performance of the duties of the office by Mr. Roof. The Street Commissioner appointed him. Mr. Taylor, the Collector, acknowledged him to have been legally appointed. The duties of the office are pointed out by the ordinances. The plaintiff did not perform the duties, and he is not entitled to ask the defendants to pay him for not doing his duty.

*Woodbury & Churchill*, for respondent.

I. John J. Roof, respondent's assignor, was duly appointed to the office of Deputy Collector of Assessments. Chap. 444, Laws of 1857 (amended charter of the city of New York), § 21 and § 23 ; Ordinance to reorganize the Street department, approved June 26th, 1857, chap. xi., § 14.

II. He duly complied with the provisions of the acts of the Legislature, and the city Ordinances, relative to said office,

and became entitled to hold, and did hold it.   Amended charter of 1857, § 30 and § 39; Ordinance to reorganize the Street Department, chap. xi., § 85.

III.   The appellants neglected and refused to allow said Roof to enter upon and discharge the duties of said office, or to furnish him any employment therein.

IV.   Roof was not able to accept any other employment while he held the office of Deputy Collector of Assessments, by reason of the directions of his superiors, the agents of the appellants, whose orders he was obliged to obey.

V.   The case does not show that Roof could have taken any means to have enabled him to perform the duties of his office. It does not appear therein that any *individual* held the place which belonged to him.

VI.   The fact that Roof was under an injunction, obtained, as possibly the appellants will assert, by third parties, against whom a remedy may be had under the injunction bond, is no defence in this action.   (1.)   The refusal of the appellants to give him employment took place immediately after he was appointed, while the injunction was obtained afterward. The appellants were in the wrong by their own option, and they do not show that they adopted or desired to adopt any other line of action.   (2.)   The evidence as to the injunction is too indefinite to constitute a defence.   (3.)   Had it not been for the appellants, Roof might have sought and obtained other employment while the injunction was pending, and it would have been his duty so to have done, but he was directed by the agent of the appellants, whose orders he was obliged to obey, to report himself daily for duty.

By the Court.—Brady J.—John J. Roof, the plaintiff's assignor, was appointed on the 1st day of July, 1857, a deputy collector of assessments in the bureau of the Collector of Assessments, which formed a part of the street department of the defendants.   The appointment was made by Charles Devlin, the appointee of the defendants to the office of Street Commissioner.   The right of Devlin to the office was contested by another claimant, but ultimately declared in his favor.

Roof's appointment was therefore regular, and he duly qualified himself to enter upon his duties. He never did, however, perform any of those duties, and, it would seem, because he was restrained by an injunction order issued out of the Supreme Court of this State. It does not appear by the case at whose instance the injunction was obtained, but it is not pretended that the defendants commenced any proceedings against either Devlin or Roof. Devlin, as before stated, was in fact their appointee, and his right to the office was not questioned by them. It appears, however, from the case, that Roof, when qualified thereto, tendered his services to the Collector of Assessments, Mr. Taylor, with instructions from Mr. Devlin. That he was then told by Mr. Taylor that whatever moneys were collected would be collected and deposited by Mr. Libby, who was retained, and that Mr. Libby performed the services which Roof's appointment imposed upon him. It also appears that Roof did not commence any proceedings to oust Libby, or to get possession of his office held by Libby, *de facto*. He seems to have been controlled by the injunction order, and influenced by the statement of Mr. Taylor when he tendered his services. He attended each day at the proper department, it is true, but remained inactive, so far as his duties were concerned. We are not advised as to the extent of the prohibition contained in the injunction order, and it may be said that it is not material to the decision of this appeal. It cannot be supposed, however, that it was broad enough to prevent Roof from taking such measures in the nature of a quo warranto as might be necessary to place him in possession of his office from which he was excluded, not by the defendants, but a usurper. And herein lies the answer to the plaintiff's claim. He seeks to recover from the defendants the damages which Roof sustained in consequence of the defendants refusing to allow him to discharge the duties of his office. There is no pretence that Roof ever did discharge them, and the evidence shows that through his own neglect he never was in possession of his office. The defendants are not shown to have interfered with him. His appointment was legal and his right to the office clear. The defendants were under no obligation to place him in possession. His remedy was declared by the law of the land, and the conse-

quences of his omission to avail himself of it must be borne by him.

The judgment should be reversed.