RICHARD MOTT and CHARLES J. DODGE, in behalf of themselves and such other deputy tax commissioners, and such clerks of the commissioners of taxes, &c. as shall come in and contribute, &c. *vs.* RICHARD B. CONNOLLY, comptroller, &c. DENNIS F. BURKE and HENRY BEENY.

The question of right and title to an office, as between the former commissioners of taxes in the city of New York and their appointees, and the commissioners appointed by the governor under the authority given by the act of April 17, 1867, (*Laws of* 1867, *ch.* 410, § 1,) and *their* appointees, can only be determined in an action brought by the attorney general in the name of the people, upon his own information, or upon the complaint of a private party. It cannot be properly and regularly determined in an action brought by deputy tax commissioners appointed by the former commissioners of taxes, who have been discharged or dismissed from office by the new commissioners, against the comptroller of the city and persons appointed deputies in the plaintiffs' places.

Nor can an injunction be granted, in such an action, to restrain the comptroller from paying to the newly appointed deputies their salaries.

*Held* that the comptroller would be justified in paying their salaries to the commissioners appointed under the act of 1867, and their appointees, until he should be restrained from so doing, in an action properly instituted in the name of the people to determine the question of right and title the offices.

It cannot be said that the commissioners under the act of 1867, or their appointees, have usurped their offices, or intruded themselves into them, without *color* of right or title. The act certainly gave them a *color* of right and title. *Per* SUTHERLAND, J.

Mott *v.* Connolly.

MOTION to vacate an injunction.

SUTHERLAND, J. The act of the legislature, passed April 17, 1867, (*Laws of* 1867, *ch.* 410, § 1,) provides: "Immediately after the passage of this act, the governor shall appoint, by and with the advice of the senate, three commissioners of taxes and assessments for the city and county of New York, and upon their acceptance of the said office, the term of office of the present commissioners of taxes and assessments for said city and county shall be terminated."

When this act was passed, the plaintiffs, Mott and Dodge, were two of the deputy tax commissioners, holding and filling the offices of deputy, &c. by appointment, under commissioners of taxes, &c. appointed by the comptroller of the city and county of New York, under the act of 1859, ch. 302.

Jonathan W. Allen, Ira O. Miller and James M. Raymond were appointed tax commissioners, &c. by the governor, &c. under and in pursuance of the act of April 17, 1867, and accepted the office, and entered upon its duties, and were filling it, when this action was commenced; and upon or soon after their acceptance of the office, and their assumption of its duties, they discharged or dismissed several of the deputies and clerks appointed by the commissioners in office when the act of 1867 was passed, and appointed others in their stead; among others they discharged or dismissed the plaintiffs, Mott and Dodge, and appointed the defendants, Dennis F. Burke and Henry Beeny, deputies in their stead. I think it a fair inference from the complaint and affidavits submitted, that the defendants, Burke and Beeny, forthwith accepted their appointments and entered upon the duties of the office, and were, and had been for some time previously, actually performing its duties, when this action was commenced.

The plaintiffs insist that the provision of the act of 1867, which has been quoted, is unconstitutional and void; and the purpose of this action is, to have it so declared and ad-

|judged, and as sequences, to have it declared and adjudged that the commissioners in office, when the act of 1867 was passed are, *de jure*, commissioners, and that the plaintiffs and other deputies and clerks who have been dismissed or discharged, are *de jure* deputies and clerks and are entitled to the salaries or the emoluments of their offices, notwithstanding the provision of the act of 1867, and the action of the commissioners appointed under it ; and as incidental to this main purpose, or relief, the complaint asks for an injunction restraining the defendant Connolly, comptroller, &c. from paying the defendants, Burke and Beeny, their salaries.

Such an injunction was granted, and the case comes before me by a motion on the part of the defendants, to vacate the injunction.

I think the motion should be granted.

The right and title of the defendants to their offices of deputy, depends upon the right and title of the commissioners under the act of 1867 to their office of commissioners ; and their right and title to the office of commissioners, depends upon the constitutionality of the provision of the act of 1867, which has been quoted.

The question of right and title to the offices, as between the old commissioners and their appointees and the new commissioners and *their* appointees, cannot properly and regularly be determined in this action. That can only be done by the attorney-general in an action in the name of the people, upon his own information, or upon the complaint of a private party. (*Code*, §§ 428, 432. *People* v. *Cook*, 4 *Selden*, 70, 71. *Mayor of New York* v. *Conover*, 5 *Abb. Pr.* 171. *People ex rel. Bradley* v. *Stevens*, 2 *id. N. S.* 353. 3 *Black. Com.* 262. *Hall* v. *Luther*, 13 *Wend.* 491. *People* v. *Stevens*, 5 *Hill*, 616. *Smith* v. *Mayor, &c.* 1 *Daly*, 219.)

It cannot be said that the commissioners under the act of 1867, or their appointees, have usurped their offices, or *intruded* themselves into them without *color* of right or title.

Mott *v.* Connolly.

The act certainly gave them, and gives them, a *color* of right and title.

If the main question—the question of right and title to the offices—cannot be determined in this action, it appears to me plain, that the injunction never should have been granted, and should be vacated.

I think the defendant, Comptroller Connolly, will be justified in paying their salaries to the commissioners under the act of 1867, and their appointees, until he shall be restrained from so doing, in an action properly instituted in the name of the people, to determine the question of right and title to the offices.

I do not intend to intimate an opinion, that he could be properly so restrained in *such action*, pending the determination of the question of title. The question, whether he could or could not is not before me in this case. Nor am I called upon in this case to say what remedy, if any, the plaintiffs may or will have, for the recovery of the salaries or emoluments of the offices, received by the defendants, if and when the question of title shall be determined in the proper action in the plaintiffs' favor ; though I may observe that it is quite clear, that whatever the remedy, it would not be a *joint* one.

The injunction must be vacated, with ten dollars costs.

[At CHAMBERS, December 30, 1867, before *Sutherland*, Justice.]