# SUPREME COURT.

## SHEPARD TAPPEN agt. ISAAC W. CRISSEY, as comptroller of the city of Troy.

*Injunction — in action under act for the protection of taxpayers (Laws of 1881, chapter 531), what bond to be given — What must be shown to entitle party to injunction.*

In an action brought by a resident and taxpayer of a municipal corporation against the comptroller of such corporation, under the act for the protection of taxpayers (*Laws of* 1881, *chap.* 531), the plaintiff must, upon the commencement of such action, give a bond as in such act specified.

Such bond must be in the form prescribed by the act, and must be under seal.

A compliance with sections 620, 621, of the Code of Civil Procedure as to security, does not obviate the necessity of complying with the provisions of this statute.

Where a motion is made to dissolve an injunction granted under the act of 1881, without the giving of such a bond upon the commencement of the action, the court, at special term, has power in a proper case to permit such bond to be filed *nunc pro tunc.*

If the court intervene to enjoin an officer in what he claims to be his official duty, a plain case should be established by the party asking such interference. It is not sufficient for the plaintiff in such an action to show that the act he seeks to enjoin is one of doubtful propriety.

Where, on a motion to dissolve an injunction which had been granted restraining the defendant, who is the comptroller of the city of Troy,

Tappen agt. Crissey.

from countersigning any draft or drafts which might be drawn for the purpose of paying the police force of the city of Troy, of which John McKenna was the superintendent, and from countersigning any draft or drafts which might be drawn for the purpose of paying the police force of said city or any part thereof, signed by police commissioner Cavanaugh and police commissioner Hannan, until the further order of the court, the plaintiff, in support of the injunction, presented a case showing a doubtful question as to which of the two bodies of men claiming to be the police force of the city of Troy, is the legal one:

*Held*, that such doubt is not sufficient to justify the court in declaring, by its order maintaining the injunction, that the defendant was about to do an illegal official act, and waste or injure the property, funds or estate of the municipal corporation of which he is an officer.

*Special Term, January*, 1883.

MOTION upon an order to show cause to vacate an injunction.

*R. A. Parmenter*, for motion.

*Henry A. Merritt*, opposed.

WESTBROOK, *J.* — On the 30th of December, 1882, the county judge of the county of Rensselaer granted an injunction restraining the defendant, who is the comptroller of the city of Troy, from countersigning any draft or drafts, which might be drawn for the purpose of paying the police force of the city of Troy, of which John McKenna was the superintendent; and from countersigning any draft or drafts which might be drawn for the purpose of paying the police force of said city or any part thereof, signed by police commissioner Cavanaugh and police commissioner Hannan, until the further order of the court.

Such injunction was granted upon the complaint of the plaintiff, Shepard Tappen, who is a resident of and taxpayer in the city of Troy, and had paid taxes in said city for one year previous to the commencement of the action upon assessments exceeding $1,000 in amount. The action was brought under chapter 531 of the Laws of 1881, entitled: "An act for the protection of taxpayers." Upon granting the injunction

the plaintiff gave an undertaking in the form prescribed by section 620 of the Code of Civil Procedure, but did not furnish a bond as required by chapter 531 of the Laws of 1881, under which the action was brought.

Upon an affidavit showing that the bond required by the act of 1881 had not been given, and that by the injunction granted the defendant was restrained from countersigning drafts as comptroller of the city, in payment of the services of the acting police force of the city of Troy, of which John McKenna was, and for more than a year and a-half past had been, the superintendent, he obtained an order from Mr. justice Ingalls requiring the plaintiff to show cause why the injunction granted by the county judge should not be dissolved and vacated.

The defendant now moves to dissolve such injunction upon two grounds, first, that the bond required by the act of 1881 has not been given; and second, that the complaint fails to show that if the defendant should countersign the drafts, which he is forbidden by the injunction to countersign, any injury would result to the taxpayers of the city of Troy.

These grounds will be briefly considered in the order in which they have just been stated.

The act of 1881 is positive and mandatory in its requirements that a bond shall be given. In direct words it requires the person or persons who commence an action thereunder to give a bond as is in such act specified, upon "the commencement of such action," and also requires that "such bond shall be filed in the office of the county clerk of the county in which the action is brought, and " that " a copy shall be served with the summons in such action."

The counsel for the plaintiff upon the argument of this motion, scarcely claimed that the undertaking given when the injunction was allowed, was a sufficient compliance with the act of 1881. It clearly was not, because such undertaking was not in the form which the act of 1881 prescribes for the bond, and it was not under seal, which was necessary to make it a "bond" such as the act of 1881 requires. A reference also to the Code

of Civil Procedure (*secs.* 620, 621) shows that a compliance with such sections as to security, does not obviate the necessity of complying with the provisions of other statutes passed to control the proceedings in special cases, and therefore it must be held that the injunction granted by the county judge without such a bond cannot be sustained.

The counsel for the plaintiff, however, asks that he may be allowed now to give a bond such as the act of 1881 prescribes. As an original question, I should have great doubt as to the power of the court to permit such bond to be now filed and approved. The statute of 1881 seems to be mandatory as to the giving of such bond upon the commencement of the action, and that it shall be filed in the office of the clerk of the county in which the action is brought and that a copy thereof shall be served with the summons in the action.

This, however, is perhaps not now an open question, as the general term of this department held last September, that the court at special term, when a motion was made to dissolve an injunction granted under the act of 1881 without the giving of such a bond, had power to permit such bond to be filed *nunc pro tunc*. Following such decision it must now be held that the application to file a bond in this action *nunc pro tunc* should be granted, provided the case made upon the papers for the continuance of the injunction, was free from reasonable doubt. The power to amend in so vital a particular should be sparingly exercised, and only in a clear case. Is the present such a case?

This brings us to the second ground upon which this motion is made, to wit: That the plaintiff has failed to show that the continuation of the injunction is necessary to protect the property of the municipality of which the defendant is an officer. The act is entitled " an act for the protection of taxpayers," and allows an action of the character of the present to be brought only for the purpose of preventing an " illegal official act," or " to prevent waste or injury to any property, funds or estate of a municipal corporation."

Tappen agt. Crissey.

Does the complaint show any such cause of action? Very clearly if the court intervenes to enjoin an officer in what he claims to be his official duty, a plain case should be established by the party asking such interference. It is not sufficient for the plaintiff in such an action to show that the act which he seeks to enjoin is one of doubtful propriety.

The right course of official action is oftentimes difficult to determine, but when difficult, an official should be left to pursue his own best judgment unless the court can clearly see that in so doing he will violate the laws, or that the taxpayers whom the action seeks to protect may be injured.

The case which the complaint in this action presents is, that there are now in the city of Troy two separate and distinct police forces, each claiming to be the regular and legal police force of such city. It admits that the force which the injunction prevents the comptroller from countersigning warrants or drafts to pay, is acting as such, and have not yielded up nor retired from their positions; and also that the parties who have drawn the drafts which the defendant is prevented by the injunction from countersigning are acting as police commissioners of such city.

It is true that the complaint does aver that such police force is not the legal police force of the city and that the persons acting as such commissioners of police, and the person acting as superintendent thereof, do not legally hold the offices, the duties of which they exercise; but the fact that such police force is discharging the duties appertaining thereto, and that such commissioners of police and superintendent are also discharging the duties belonging to their several offices, is admitted; and the affidavit presented by the defendant expressly and directly avers that the drafts which the defendant is enjoined from countersigning are properly and legally drawn " in payment of the acting police force of the city of Troy, over which one John McKenna now is, and for more than a year and a-half last past has been the superintendent."

It is impossible upon the papers now presented to determ-

ine which of the two bodies of individuals claiming to be the police force of the city of Troy is the legal one; and equally impossible to determine who are the legal commissioners of police of the city, and who the legal superintendent of police is.

If, owing to the uncertainty attending these questions, the payment of either might subject the taxpayers to loss, it would be the duty of the court to interfere. No such case, however, is presented, for the fact, which is admitted in the complaint, that the force which the defendant proposes to have paid is in fact discharging the proper duties incident to the police force, and that the commissioners and superintendent of police, whose orders they obey, are also in possession of such offices, would protect the city in payment. If such payment is made the other persons claiming to be the regular police force and the commissioners of police and the superintendent of police would not be entitled also to receive and recover from the city payment for the same services.

It has been repeatedly held, both in this court and in the court of appeals, that where the rightful incumbent of an office has been deprived of its possession by another, who has discharged the duties of such office and received compensation for so doing, that the person entitled to the possession cannot recover compensation for his services from the city (*Smith* agt. *The Mayor of New York*, 37 *N. Y.*, 518 ; *Mott* agt. *Connelly*, 50 *Barb.*, 516).

It is apparent, therefore, that the taxpayers of the city of Troy cannot be subjected to loss by the defendant countersigning the warrants which he is enjoined from signing by the injunction granted in this case.

It is possible, that if the defendant should countersign the drafts which the injunction forbids him from countersigning, that the persons, who compose what the plaintiff avers to be the legal police force of such city, may be subjected to loss, but this fact does not give the plaintiff any standing to maintain this action. It can only be maintained upon the ground that the doing of the act by the defendant which the plaintiff

seeks to enjoin, will waste or injure the property of the city of Troy. Such a case the papers before me do not present.

The most that can be urged and said in behalf of the injuncing is, that the plaintiff has presented a case showing a doubtful question as to which of the two bodies of men claiming to be the police force of the city of Troy is the legal one. Such doubt is not sufficient to justify the court in declaring by its order maintaining the injunction, that the defendant was about to do an "illegal official act," and waste or injure the property, funds or estate of the municipal corporation of which he is an officer.

Courts in dealing with questions of this character, should act with care and caution. The officers of a municipal corporation are presumed to act upon the obligation of duty as seen by them to be right. They are chosen for the very purpose of exercising their best judgment in the discharge of their duties. The presumption that they so act is not to be overcome upon slight grounds, nor upon proof which is not entirely clear. Interference by courts may oftentimes in such cases be productive of great injury both to individuals and the municipality.

The case before me is not such an one as in my judgment warrants judicial interference by a preliminary injunction; neither the facts nor the necessary parties are before me to a proper determination of the question which is the legal police force of the city of Troy.

The court being unable from the papers and parties before it, to determine such question, and being unable to see that the taxpayers of the city of Troy will suffer an injury by the defendant doing the acts which he is enjoined from doing, the injunction granted by the county judge must be dissolved and the defendant left unhampered and unrestrained by judicial action from doing that which he, governed by the light which he may obtain, seems to be his official duty in the premises. He is a sworn officer of the city of Troy, responsible to those whom he represents for a faithful discharge of his

duties, with better opportunities of judging as to his duties than the court has upon *ex parte* statements and proofs.

In conclusion it is proper to state that a laborious and busy circuit, which commenced immediately after the argument of this motion, has prevented an earlier decision.