THE PEOPLE OF THE STATE OF NEW YORK, Respondents, v. THE ALBANY AND SUSQUEHANNA RAILROAD COMPANY AND OTHERS, Appellants.

A civil action cannot be maintained in the name of the people of the State for the redress of private wrongs; these are remediable at the suit of the parties injured only. The people cannot intervene, except upon the assertion of a distinct right on the part of the public in respect to the subject-matter litigated.

An action in the nature of a *quo warranto*, brought by the attorney-general in the name of the people of the State, under the provisions of the Code (§§ 432, 440), to try the title to a corporate office to which there are several claimants, is one of legal, not equitable, cognisance, and the issues therein are strictly legal ones.

The trial of such issues, therefore, by a jury is the constitutional right of the parties.

If, with such a cause of action, other equitable causes of action are united, all must be tried by a jury, unless a jury trial is waived.

Plaintiffs' complaint set forth such a cause of action against two sets of claimants of the offices of directors of the A. & S. R. R. Co. with other causes of action of an equitable nature. Upon the trial, after reading the pleadings, plaintiffs rested. A portion of the defendants who had, by their answer, admitted that they were acting as the officers whose titles were in dispute, thereupon requested a trial by jury, which was denied. *Held*, error; that the right to such trial was not waived by delay in making the application until plaintiffs rested; that, as it was not until then that said defendants had means of knowing that plaintiffs intended to rely upon the legal claim, and as upon the issue made thereon plaintiffs had the right to require the said defendants to prove their title and authority to act, it was then the proper time to raise the question and to object to a trial by the court.

Whether a party can be precluded of his right to a jury trial in any other manner than those pointed out by the Code (§ 266), *i. e.*, by failing to appear upon trial, by written consent filed, or oral consent entered on the minutes, unless it be by failing entirely to object, *quere*.

He cannot be deprived of his constitutional privilege by a mere technicality.

(Argued June 10, 1873; decided January term, 1874.)

THESE are appeals from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming in part and reversing in part a judgment entered upon the decision of the court at Special Term, and, also, an appeal from an order of said General Term affirming an order of Special Term denying a motion to vacate judgment. (Reported below, 5 Lans., 25.)

This action was brought substantially to determine which of two sets of claimants, one designated as the Ramsey directors, the other as the Church directors, both claiming to have been duly elected directors of the Albany and Susquehanna Railroad Company on the 7th September, 1869, was in fact duly elected, and in case neither set was found entitled to the offices then to provide for a new election; also to have certain stock, alleged to have been illegally issued, declared void, and to restrain numerous suits specifically set forth in the complaint commenced by the opposing claim-

ants and others in reference to the controversies growing out of such conflicting claims.

The facts set forth in the complaint are substantially stated in the opinion. The Ramsey directors in their answer alleged that they were duly elected, that the Church directors with others, their confederates, had conspired together to get possession and control of the road. The Church directors alleged that they were duly elected and were acting as directors, that the Ramsey directors were not legally elected.

Upon the trial of the action before the court at Special Term the counsel for the plaintiffs read the pleadings and rested.

The counsel for the defendants, the Church directors, moved to dismiss the complaint on the ground that the court had no jurisdiction to entertain or try the cause, or grant the relief demanded, or any part thereof. The motion was denied, and the counsel for the said defendants duly excepted. The counsel for said defendants then moved for a jury trial. The court denied the motion and said counsel duly excepted.

The court found as facts, among others, that the Ramsey directors were legally elected; that the pretended election of the Church directors was unlawful and sham, and in pursuance of a previous conspiracy and fraudulent arrangement between them and others of the defendants for the purpose of hindering a lawful election, etc., and directed judgment that the Ramsey directors were the duly elected and the legal and lawful directors of the company, and that they be let into immediate possession of said railroad, its property and effects; that the people recover costs of the railroad corporation; that all proceedings in the various suits and proceedings set forth in the complaint be perpetually enjoined, and that the same be discontinued; that the Ramsey directors and others of the defendants who co-operated with them recover their costs of the Church directors; that it be referred to a referee to pass upon the accounts of the receiver appointed in the action, and to ascertain what would be a proper extra allowance and to which of the defendants it should be paid. Judgment was entered accordingly.

The Church directors and the railroad corporation appealed and also moved for a new trial. They also moved at Special Term to vacate the judgment, which was denied. Upon the appeal from the judgment the General Term reversed so much thereof as restrained the prosecution of the actions mentioned in the complaint and directed the discontinuance thereof, and, also, so much thereof as awards costs and provides for extra allowance, and affirmed the residue thereof. Both sets of directors appealed. The order denying motion to vacate judgment was affirmed, and the Church directors appealed.

*David Dudley Field* for the appellants, Church and others. This court, as a court of equity, could not entertain jurisdiction of that object of the action which relates to the validity of the election and seeks to obtain an adjudication respecting the title to the office of directors. (Code, §§ 428, 432, 440 ; *People* v. *Pease,* 30 Barb., 591 ; 1 R. S., 603, § 5 ; 2 R. S., 585, § 45 ; 1 R. L., 108, § 4 ; *Mickles* v. *Roch. City Bk.,* 11 Paige, 124 ; *People* v. *Draper,* 4 Abb., 339 ; *People* v. *Collins,* 34 How. Pr., 336 ; *Meyer* v. *Conover,* 5 Abb., 175, 177 ; *Tappan* v. *Gray,* 9 Paige, 507 ; 7 Hill, 259 ; *Hartt* v. *Harvey,* 32 Barb., 64, 65 ; 13 Abb., 334 ; *Updegroff* v. *Crans,* 47 Penn. St., 125.) The court had not jurisdiction to stay all other suits and merge them in this. (*N. Y. and N. H. R. R. Co.* v. *Schuyler,* 34 N. Y., 30 ; *Osgood* v. *Laytin,* 5 Abb. [N. S.], 1.) A court of equity cannot interfere in the government of corporations. (*Atty.-Genl.* v. *Clarendon,* Ves., 491 ; *Atty.-Genl.* v. *Utica Ins. Co.,* 2 J. Ch., 389 ; *Atty.-Genl.* v. *Bk. of Niagara,* Hopk., 360 ; *Verplanck* v. *Merc. Ins. Co.,* 1 Edws., 86 ; *Latimer* v. *Eddy,* 46 Barb., 61 ; *Robertson* v. *Bullions,* 11 N. Y., 243 ; Will. Eq., 745.) Considered as a legal action the court had no jurisdiction to grant the relief demanded. (*People* v. *Thompson,* 16 Wend., 655 ; *Hartt* v. *Harvey,* 32 Barb., 65 ; A. & A. on Corp., § 714 ; *People* v. *Phillips,* 1 Den., 389.) If the action was one in the nature of *quo warranto* defendants had the right of trial by jury.

(Const., art. 2, § 2 ; *Davis* v. *Morris,* 36 N. Y., 569 ; *Mann* v. *Fairchild,* 2 Keyes, 111 ; *Bradley* v. *Aldrich,* 40 N. Y., 511.) The judgment herein was irregular as it does not pursue the decision, fails to decide all the issues and decides questions on which no evidence was received. (Code, §§ 245, 267 ; *Chamberlain* v. *Dempsey,* 9 Bosw., 216 ; *Belmont* v. *Ponvert,* 3 Robt., 693 ; *People* v. *Cent. R. R. Co.,* 29 N. Y., 418 ; *Swartwout* v. *Curtis,* 4 id., 415 ; *Tompkins* v. *Hyatt,* 19 id., 593 ; *Cruger* v. *Douglass,* 2 id., 571 ; *Harris* v. *Clark,* 4 How. Pr., 78 ; *Chittenden* v. *Miss. Socy.,* 8 id., 227 ; Daniels' Ch. Pr. [4th Eng. ed.], 888, 894 ; *O'Brien* v. *Bowes,* 4 Bosw., 662 ; *Lawrence* v. *F., L. and T. Co.,* 15 How., 57, ; *Loeschigk* v. *Addison,* 3 Robt., 331 ; *Dickenson* v. *Codwise,* 11 Paige, 189 ; *Williamson* v. *Field,* 2 Barb. Ch., 281 ; *McMahon* v. *Allen,* 27 Barb., 336 ; *People* v. *Haws,* 34 id., 80 ; *B., R. and Utica R. R. Co.,* 25 N. Y., 208 ; *Ogdensburgh* v. *Wooley,* 1 Keyes, 120.) The General Term was bound to examine the questions of fact. (Code, § 348.) The failure of the inspectors to take an oath of office did not invalidate their acts. (*People* v. *Cook,* 8 N. Y., 67.) A corporation has no power to issue its capital stock for less than par. (*Fisk* v. *C., R. I., etc., R. R. Co.,* 53 Barb., 513 ; *Neuse River Co.* v. *Newbern,* 7 Jones [N. C.], 275 ; *Fosdick* v. *Sturges,* 3 Phila., 312 ; *Socy. of Knowledge* v. *Abbott,* 2 Beav., 550 ; *Crocker* v. *Crane,* 21 Wend., 212 ; *Henry* v. *Ver. Co.,* 17 Ohio St., 187 ; 1 Redf. on Railways, 207, 210 ; 2 id., 495 ; *Sturges* v. *Stetson,* 3 Phil., 305 ; *Mann* v. *Cooke,* 20 Conn., 183 ; *Hall* v. *U. S. Ins. Co.,* 5 Gill., 484 ; *Mann* v. *Currie,* 2 Barb., 294 ; *Van Allen* v. *Ill. C. R. R. Co.,* 7 Bosw., 515.) The judgment should be set aside, because it provided for an extra allowance without application for that purpose from any of the parties. (Sup. Ct. Rule, 52 ; *Martin* v. *McCormick,* 3 Sandf., 755 ; *Clark* v. *Rochester,* 29 How. Pr., 97 ; *Beals* v. *Benjamin,* id., 101 ; *People* v. *Cent. R. R. Co.,* 30 id., 148 ; *Gori* v. *Smith,* 6 Rob., 563.) Notice of settlement should have been given to the adverse parties. (Code, § 469 ; *Rogers* v. *Rogers,* 2 Paige, 473 ; *Whitney* v. *Belden,* 4 id., 140 ; 1 Barb. Ch.

Pr., 340 ; *Hargrave* v. *Hargrave,* 3 McN. & G., 348 ; *Davenport* v. *Stafford,* 8 Beav., 503, 511 ; *Wood* v. *Lambert,* 3 Sandf., 724 ; *McMahon* v. *Allen,* 27 Barb., 336.) If the entry of thirty-first December should be allowed to stand, possession of the offices and property of the company should not have been delivered under it, because it was not in a condition to be executed. (*Lawrence* v. *F., L. and T. Co.,* 15 How. Pr., 57 ; *Mallory* v. *Wood,* 14 id., 68 ; Code, §§ 245, 252, 267, 268, 271, 348, 400.)

*Samuel Hand* for the appellants, Ramsey and others. The court had jurisdiction of the subject of the action. (Code, §§ 122, 432, 435, 436, 440 ; *Atty.-Genl.* v. *Cleaver,* 18 Ves., 217, 218 ; *Atty.-Genl.* v. *Forbes,* 2 My. & Cr., 133 ; *Atty.-Genl.* v *Shef. Gas Co.,* 3 D., M. & G., 304 ; *Atty.-Genl.* v. *N. R. R. Co.,* Dr. & Sm., 161 ; *Thorne* v. *Taw. R. R. Co.,* 13 Beav., 10 ; Kerr on Inj., 297, 334, 542, 571, 573.) The demand for a trial by jury was, at the time it was made, properly denied. (*McKeon* v. *Gee,* 4 Robt., 465 ; *Greason* v. *Keteltas,* 17 N. Y., 491 ; *W. P. Foundry* v. *Reymert,* 45 id., 703 ; *Lewis* v. *Mott,* 36 id., 399 ; *Barlow* v. *Scott,* 24 id., 40 ; *N. Y. Ice Co.* v. *N. W. Ins. Co.,* 23 id., 367 ; *Dunnell* v. *Keteltas,* 16 Abb., 205 ; *McCarty* v. *Edward,* 24 How., 236 ; *Cheesebrough* v. *Houck,* 5 Duer, 125.) There was no error in the decision that the Ramsey board of directors was regularly elected, and that the Church board was not. (*Allknow* v. *Mainwright,* 2 Burr., 1017 ; *In re M. and H. R. R. R. Co.,* 19 Wend., 135 ; Laws 1854, chap. 282, § 1 ; 3 Edms. St., 641 ; *Curtiss* v. *Hulburd,* 4 Hill, 437, 439, 441 ; *Brown* v. *Pacific Mail Co.,* 5 Blatch., 525 ; *People* v. *Peck,* 11 Wend., 604.) At a meeting of stockholders the vote of a majority of those present will not bind the corporation, unless the meeting has been regularly called. (*Stowe* v. *Nyse,* 7 Conn., 214 ; *Wiggin* v. *F. Ch. of Lowell,* 8 Metc., 301 ; *Rex* v. *Mayor of Shrewsbury,* 2 Strange, 1051 ; *Cas. Tem. Hardwick,* 147 ; A. & A. on. Corp., § 495 ; *State* v. *Ferguson,* 3 N. J., 107 ; Wilcocks on Mun. Corp., § 85 ; *People* v.

*Bachelor*, 22 N. Y., 107, 132; *Rex* v. *Theodrick*, *etc.*, 8 East, 543; *People* v. *Peck*, 11 Wend., 694; *Am. Printing Socy.* v. *Puling*, 4 N. J., 653; *Warner* v. *Mower*, 11 Verm., 385.) There being inspectors *de jure*, the persons claiming to be inspectors *de facto* are excluded and cannot be recognized. (*Boardman* v. *Haliday*, 10 Paige, 223, 232; *People* v. *Albertson*, 8 How., 363.) There was no error in adjudging the Gresbeck stock valid. (3 Edms. Stat., 619; *Otter* v. *Brevoort Pet. Co.*, 50 Barb., 247, 255, 256; *State Bk. of Ohio* v. *Fox*, 3 Blatch., 433, 434; *City Bk.* v. *Bruce*, 17 N. Y., 512; *Small* v. *Her. Manuf. Co.*, 2 Comst., 337, 348; *Her. Manuf. Co.* v. *Small*, 21 Wend., 278; *Talman* v. *Roch. City Bk.*, 18 Barb., 123; *City Bk. of Columbus* v. *Fox*, 3 Smith, 507; *Fosdick* v. *Stetson*, 3 Phila., 308, 315; *Barry* v. *Mer. Exchange*, 1 Sandf. Ch., 280.) No objection, on the ground of *ultra vires*, can be sustained in this case. (*Mad. Ave. Bap. Ch.* v. *Bap. Ch. in O. St.*, 3 Rob., 570; *Bissell* v. *M. S. R. R. Co.*, 22 N. Y., 258; *E. N. Y. and J. R. R. Co.* v. *Lighthall*, 36 How., 481.) The subscription to the 9,500 shares was valid. (*Lohman* v. *N. Y. and E. R. R. Co.*, 2 Sandf., 39, 52; *Curry* v. *Scott*, 54 Penn., 270; *Downing* v. *Potts*, 3 Zab., 66; *Beach* v. *Smith*, 28 Barb., 254; S. C., affirmed 30 N. Y., 116; *B., R. and U. R. R. Co.* v. *Clark*, 25 id., 208; *O., etc., R. R. Co.* v. *Wolley*, 1 Keyes, 118; S. C., 34 How. Pr., 54.) The Special Term was right in awarding the costs of the Ramsey defendants to be paid by the Church defendants. (*Miller* v. *Depeyster*, 1 Abb., 234; *Richards* v. *Salter*, 6 J. Ch., 445.) This being an equity case the judgment of the Special Term should be affirmed, even if all its rulings were not substantially correct, if substantial justice has been done. (*Forrest* v. *Forrest*, 25 N. Y., 50; *People* v. *Gonzales*, 35 id., 60.)

JOHNSON, C. The people of this State have no general power to invoke the action of the courts of justice, by suits in their name of sovereignty for the redress of civil wrongs, sustained by some citizens at the hands of others. When they come

into court as plaintiffs in a civil action they must come upon their own right, for relief to which they are themselves entitled.   It is not sufficient for the people to show that wrong has been done to some one; the wrong must appear to be done to the people, in order to support an action by the people for its redress.   The suit now before us, seems to have been instituted on a different theory.   It sets forth various acts as wrongful, which, if wrongful, affect no public right.  These wrongs are wrongs to individual citizens and not to the State, and are remediable at the suit of the parties injured only.

The complaint, in which the people are sole plaintiffs, sets forth the fact of the existence of the Albany and Susquehanna Railroad Company, and of its ownership of a railroad.   That its stockholders are divided into two parties, each claiming a majority of its stock, and that this state of things had given rise to numerous litigations, the parties to which, and the objects sought to be obtained thereby, are set forth.   That in some of these suits, injunctions had been issued and receivers appointed, and that these proceedings and others for contempt in the violation of such injunctions were pending undetermined; and that still others were begun or threatened.   That conflicting process issued in these suits and attempts to execute the same by different officers, threatened the public peace along the line of the road.   That the contending parties addressed to the governor of the State a request, in writing, that he would appoint a superintendent to operate the road under his directions until the exigency growing out of the conflicts of authority, before referred to, should cease.   That the governor had appointed one Robert L. Banks executive and financial agent, to manage the affairs of the company and to run and operate the road, and that he had, since that appointment, had the charge and management of the road.   That afterward, on the day fixed for the annual election for directors, each of the contending parties held, or pretended to hold, an election separate from the other and elected a separate board of directors, whose names are set forth.

That both these elections were illegal, irregular and void for various defects, specified and unspecified. That various proceedings had been instituted, consequent upon such elections, in favor of one or the other of such boards, and that others of the same general nature were threatened. That each of said pretended boards threaten to take or claim to have possession of the road and all the property, books and papers of the company and to exercise all its franchises ; and the plaintiffs insist that such claims are without foundation in right, and that if such threats are carried into execution by either of said contending boards, it will be a usurpation of the franchises and corporate rights of the corporation, and will lead to conflicts of judicial authority and to a breach of the peace and good order of the community. That illegal issues of certain shares of stock have been made to certain named persons amounting to 12,500 shares in number. That the governor was desirous of being relieved and of relieving those appointed by him, in the management of the railroad, from their position and responsibility. That he was unable to determine, without danger of doing injustice, whether either or which of the boards was entitled to the management of the road, and had no judicial authority in the premises. That he had, therefore, requested that the action should be brought, in order that the railroad might be placed under the direction and control of competent judicial authority, independent of both contending parties, until the rights of the respective parties to the controversy could be judicially determined.

Upon these statements, the plaintiffs prayed judgment that the persons named as constituting the two boards should be enjoined from acting as directors or officers, until the further order of the court; that it be adjudged whether either of said elections was regular and legal, and if either, which ; that if neither board was duly elected all the defendants claiming to have been elected be removed and a new election be held under the authority of the court; and that the court should determine the shares of stock of which

the holders should be entitled to vote; that the 12,500 shares
of stock be declared void and canceled; that the defendants
should be restrained from prosecuting any of the suits or
proceedings which were pending, and from beginning any
others, and should be required to submit their claims to the
judgment of the court in this action; that the receivers there-
tofore · appointed, who were made defendants, should be
restrained from acting; that all the defendants should be
restrained from holding any election for directors, and that a
receiver should be appointed to take possession of the road
and to carry on its business during the litigation until the
further order of the court.  To this complaint were made
defendants the railroad corporation, the two sets of persons
claiming to be directors, the parties alleged to hold illegal
stock and the parties to and the receivers in the various suits
mentioned in the complaint.

Answers were interposed by most of the defendants, and
the cause being at issue was brought on for trial at an
adjourned circuit.  The plaintiffs read the pleadings and
rested.  Thereupon, the defendants, the present appellants,
and who are spoken of as the Church directors, moved to
dismiss the complaint on the ground that the court had no
jurisdiction to entertain or try the cause or grant any part of
the relief demanded.  This motion was denied and the deci-
sion excepted to.  The same defendants then moved for a
jury trial.  This was also denied and the decision was excepted
to by the defendants.  The court then proceeded to hear evi-
dence and subsequently gave its decision adversely to the
parties now appellants.

Upon this state of the case, these questions are presented,
viz., whether the complaint stated any cause of action;
whether such cause of action and the issues determining it
were triable as of right by a jury; and, lastly, whether the
defendants have lost their right to claim such a trial

. Although the case was presented to the court as one of
equitable consideration alone, and seems to have been enter-
tained in the first instance with that view, yet, the plaintiffs ·

were not thereby precluded from maintaining that it could be suppported upon a merely legal right, if such a right appeared to exist. The grounds put forward to sustain the plaintiffs' claim for equitable relief cannot be upheld. To stop numerous litigations which had produced a conflict of judicial authority and which might disturb the peace of the State, was an end very desirable in itself, but was not to be attained by the equitable interposition of the courts at the people's suit. There was a complete lack of right in the people in reference to the litigation. Parties are their own judges as to what suits they will institute and their suits are to be disposed of on their own merits. The people cannot intervene except upon the assertion of a distinct right on the part of the public in respect to the subject-matter litigated. No such right was shown or claimed to exist, nor is there the least suggestion or proof of any such ground of interference. Nor had the people any interest in the question of the validity of the 12,500 shares of stock alleged to have been illegally issued, considered as a substantive ground of litigation. That question concerned the corporation and its shareholders and not the people. Nor was the desire of the governor to be relieved and to have his appointees relieved from the effect of his interference, a ground for equitable interposition at the suit of the people. Although the letter requesting the governor to take possession of the road, and to appoint some one to take the management of it, was addressed to him by his official title, it did not confer upon him in his official character, nor had he originally in that character any authority whatever in the premises. Any individual thus addressed would have had the same power or rather the same want of power. His request, therefore, for the institution of the suit could not give it any standing in court, nor add to the right of the people to maintain it.

There remain to be considered only the matters directly relating to the election at which the two sets of directors were claimed to be chosen. Elections to office, whether public or corporate, were never in England nor in this

State, up to the date of the Code, matters of equitable consideration. They depended only on legal inquiries and legal principles, and no instance can be found in which title to office has been dealt with by the courts on any other basis. A few cases in which this rule has been recognized rather than expressly decided may be referred to: *Tappan* v. *Gray* (9 Paige, 507; affirmed, 7 Hill 259); *Mickles* v. *Rochester City Bank* (11 Paige, 124); *People* v. *Utica Ins. Co.* (2 John. Ch., 371); *Atty.-Gen.* v. *Bank of Niagara* (Hopkins, 354); *Mott* v. *Connolly* (50 Barb., 516); *Atty-Gen.* v. *Clarendon* (17 Ves. Jr., 491). The latter cases, indeed, go further and deny the jurisdiction of courts of equity in regard to the election or removal of any description of corporators, or in aid of proceedings by information in the nature of *quo warranto* in courts of law, thus showing that no form of equitable relief could be founded, on a disputed title to corporate office. The Code has introduced no change in this rule. As enacted in 1848 it left the subject under the provisions of the Revised Statutes. In the revisal of the Code, in 1849, the provisions of the Revised Statutes were introduced into the Code with but very slight and immaterial changes. Section 428 enacted that the remedies obtainable by information, in the nature of *quo warranto*, might, thereafter, be obtained by civil action under the provisions of chapter 1, of title 13, of the second part of the Code. Section 432 provided that an action might be brought by the attorney-general, in the name of the people of this State, upon his own information, or upon the complaint of a private party against the parties offending, when any person should usurp, intrude into or unlawfully hold or exercise any office in a corporation created by the authority of this State. By section 434, in such an action brought on the relation or information of a person having an interest in the question, the name of such person must be joined with the people as plaintiff. Sections 435, 436 and 437 permitted the attorney-general in such an action to set forth the name and title of the person rightfully entitled to the office; and in that case empowered the court

to pass upon the title of such person as well as upon that of the defendant, and declared such person, if judgment passed in his favor, entitled to take upon himself the office. Section 440 is as follows : " Where several persons claim to be entitled to the same office or franchise one action may be brought against all. such persons, in order to try their respective rights to such office or franchise." This section is copied from the Revised Statutes (vol. 2, p. 584, § 45) with the mere change of the words "information may be filed " into " action may be brought." Section 441 of the Code provides that when a defendant shall be adjudged guilty of usurping or intruding into, or unlawfully holding or exercising any office, franchise or privilege, judgment shall be rendered that he be excluded therefrom, and that the plaintiffs recover costs against him ; and the court is also empowerd to impose a fine, not over $2,000, to be paid into the treasury. In all this, it will be obviously seen, that there is no alteration of the law as it stood before the Code ; and no importation, directly or indirectly, of equitable principles or of equitable remedies into the methods of discussing or disposing of the legal question whether the office has been usurped. Under section 440 the questions are necessarily the same as they were under the corresponding provision of the Revised Statutes, where they brought into discussion the mere legal right of parties defendant as against the public, and did not constitute them actors against each other. Of such a suit the *People* v. *Phillips* (1 Denio, 388) is an instance. In that case the people set up the title of the relator and denied that of two defendants, one of whom was possessed of and the other claimed to be entitled to the office of trustee in a corporation. Judgment was given against each defendant in favor of the people, but the court declined to give judgment on the right of the relator. The object of the section is to save the necessity of two separate actions or informations when one will suffice. It was taken from the corresponding provision of the Laws of 1788 (see 1 R. L. of 1813, p. 108, § 4) : " If it shall appear to the Supreme Court that the several rights of divers persons

to the same office or franchise may properly be determined on one information, it shall be lawful for the said Supreme Court to give leave to exhibit one such information against several persons in order to try their respective rights to such office or franchise." This, again, was taken from the English statute (9 Ann. Ch., 20), which differs only in the name of the court. The adjudication on this statute, in *Rex* v. *Collingwood Foster* (1 Burr., 573), and in *Symmers* v. *Regem* (Cowp., 489, 494, 498, 500), on the corresponding Irish statute, show that the only purpose and effect of the provisions in question are to facilitate the investigation of the legal title to an office where there are several claimants, and that the change introduced by the Revised Statutes and continued by the Code is merely to dispense with the preliminary leave of the court. It seems, therefore, that there was before the court, in the pleadings, a legal question in respect to the title to the corporate offices of director in the railroad company. To the trial of that question only the people and the two sets of directors were proper parties. Neither the corporation nor any of the other and numerous defendants had any legal interest in it or right to participate in its trial. This issue being strictly a legal issue in its character is one in the trial of which, in the language of the Constitution, the trial by jury has been heretofore used. Such a trial was, therefore, the constitutional right of the parties. The only consequence of joining with such a cause of action other equitable causes, which are well founded, is that all must be tried by a jury. (*Davis* v. *Morris*, 36 N. Y., 569 : *Bradley* v. *Aldrich*, 40 id., 511.)

The same constitutional provision which protects the right of a trial by jury, provides further, that it may in civil suits be waived by the parties in the manner to be prescribed by law. The only manner which has been prescribed by law is expressed in section 266 of the Code. It may be done by failing to appear at the trial; by written consent filed with the clerk; by oral consent in open court entered in the minutes. No consent under this section

was ever given by the appellants in this case. It is, however, insisted that the right to a jury trial was lost, not by any such consent as the statute provides for, but by not making the specific objection until after the plaintiffs had read the pleadings and rested without calling a witness. This position is not, in my opinion, founded in reason. Assuming that the peculiar language of the Constitution and the Code allows of other modes of waiver than those prescribed, what occurred in this case ought not to be regarded as depriving the appellants of the right to trial by jury. The plaintiffs by their complaint set forth several causes of action, as they claimed, all of which, but one, were equitable, if anything. It was in their power to waive the legal claim set forth and press only those which were equitable. Whether they would do so or not, the defendants, who are appellants, had no means of knowing until, after reading the pleadings, the plaintiffs rested without calling any witnesses. It was then, for the first time, apparent that they relied on the legal claim in respect to the title of the defendants to the offices in question. On that issue, considering it as a question of legal title, they had a right to require the defendants to go on, inasmuch, as these defendants, by their answer, had admitted themselves to be acting as directors and were thus bound as against the people, to prove their title and authority to act. It was, therefore, the proper time to make the objection. For my own part, I do not see upon what ground it can be held that the party is to be precluded of his right to trial by jury in any other manner than the Code points out, unless it be by failing entirely to object. In that case, nothing would appear on the record on which to present the question for review, and consent might then be presumed to have been given in due form. Such seems to have been the decision of the Supreme Court of the United States in *Flanders* v. *Tweed* (9 Wallace, 425) upon a statute nearly like that of New York. But, however this may be, no cases in this court, to which we have been referred, sustain the plaintiff's position. In *Greason* v. *Keteltas* (17 N.Y., 491), the defendant, at the commencement of

the trial, moved to dismiss the complaint, on the ground, among others, that the case was triable by a jury and not by the court. This being denied, he did not further ask any direction on the subject of a jury trial. The court held, that he must be considered as acquiescing in a trial without a jury. In *Barlow* v. *Scott* (24 N. Y., 40) and in *West Point Foundry* v. *Reymert* (45 id., 703), the objection was not taken at the trial; and the same is true of *Lewis* v. *Mott* (36 N. Y., 399). In the *N. Y. Ice Co.* v. *N. W. Ins. Co.* (23 N. Y., 357), no such question was presented. I find nothing which, as authority, stands in the way of settling this question upon reasonable grounds, and cannot consent to hold that a party may be deemed precluded by acquiescence who claims his right to a jury trial before a witness has been sworn or examined. A party cannot be deprived of this, his constitutional privilege, by a mere technicality.

That the questions really at issue in this cause, in regard to the conflicting claims of the two sets of directors were eminently proper for jury trial is obvious. Questions of conduct and motive are most satisfactorily solved by the verdict of a jury. I purposely abstain from entering upon the discussion of these questions. In my opinion, the judgment at General and Special Terms ought to be reversed and a new trial ordered with costs to abide the event, upon the appeal of the Church directors from the partial affirmance at General Term of the judgment or order at Special Term, as well upon their appeal as upon their motion at the General Term for a new trial under section 268 of the Code. The court did not, in making the determination appealed from, discriminate between the appeal and the motion for a new trial. And, as we think, there must be a new trial in the cause upon the whole of the issues relating to the title of the several claimants of the office of directors, we do not think it material to consider which was the more appropriate mode of presenting the questions for review.

The principles discussed in the earlier part of this opinion, as well as the opinion of Mr. Justice Mullin at General

Term, show that the Ramsey directors are not entitled to a reversal of that part of the judgment at General Term, which reversed part of the decision at Special Term upon their appeal, and that part of the judgment at General Term must be affirmed with costs.

On the appeal of the Church directors from the decision of the motion made at Special Term, to set aside the judgment and for other relief, and the order of affirmance at General Term of the decision on that motion, we think the decision appealed from correct, on the grounds taken by the court at General Term; and, therefore, without considering the motion to dismiss this appeal, we think the decision should be affirmed with costs.

All concur, except REYNOLDS, C., not sitting.

Judgment accordingly.