Burgess v. Davis.

## William T. Burgess
### v.
### George R. Davis et al.

*Injunctions—Public Officer—Election to Second Office—Vacation—Salary—Quo Warranto.*

1. Upon a bill seeking to restrain the payment to, and receipt of salary by a county judge who had been elected to and had accepted another office, the ground being taken that the acceptance of the second office amounted to a vacation of the first, this court holds that the title to an office is a question cognizable only in a court of law.

2.  An officer *de facto* may do legal acts, though *de jure* he has no title, and public policy will prevent a court of chancery from interfering to disturb the *de facto* officer in the receipt of the fees or the salary of the office.

[Opinion filed November 11, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. O. H. HORTON, Judge, presiding.

A bill of complaint filed February 11, 1890, by appellant, against appellees, states that the complainant, Burgess, is a citizen of said State, residing in said county, owning property therein and paying taxes thereon, and brings his bill of complaint against George R. Davis, the treasurer of said county of Cook, Henry Wulff, the county clerk, and Richard Prendergast, on behalf of himself and all other taxpayers of said county, and shows that on the — day of November, A. D. 1886, said Prendergast was duly elected judge of the County Court of said county, and was duly qualified to act, and thereafter acted as such; that under the provisions of an act entitled "An Act to create sanitary districts and to remove obstructions in the Desplaines and Illinois rivers" of this State, in force July 1, 1889, a sanitary district, called the Sanitary District of Chicago, in said county, became and was organized, and the said Richard Prendergast, having been elected a trustee thereof, on the 1st day of February, 1890, became and was qualified to act as such trustee, taking the oath of office as such on that day, and has since acted as such. That such office of trustee is not a judicial one, nor does it belong to the judicial department of the Government. That the performance of the duties of the office of trustee under said act is incompatible with the performance of the duties of the office of the judge of the County Court of said county. That the third article of the Constitution of this State prohibits a judge from acting in any office in another department of the Government of this State. That the said Richard Prendergast, having accepted the office of trustee of said district after he was elected judge of the County Court of said county, has thereby resigned the office of judge of said

Burgess v. Davis.

County Court, and the said office is now vacant.   By means whereof the said Richard Prendergast is not, after the said 1st day of February, 1890, and the acceptance of said office of trustee of said district, entitled to his salary as judge of said County Court, and the same ought not to be paid to him out of the funds of the county.   That the Board of County Commissioners of said county have provided for the payment of a salary of $7,000 a year out of the funds in the treasury in said county, to the county judge of said county, which salary is payable quarterly, on the order of said clerk on the treasurer of said county.   That the said Prendergast, claiming to act, and acting as judge of said County Court, since said acceptance of said office of trustee, claims to be entitled to his salary as such county judge, as provided to be paid to the person holding that office as aforesaid, and the complainant is fearful that the said Wulff, as county clerk, will draw an order on the treasury of the said county, and the said Davis, as treasurer, will countersign and pay the same out of the funds in said treasury, to the injury of complainant and other taxpayers in said county, unless restrained from so doing by order and injunction of this court.

Prayer, answered without oath.   That in the meantime and until the further order of the court, the said Wulff be enjoined from drawing any order, and the said Davis from countersigning and paying out of the county treasury, and the said Prendergast from receiving any money for the salary payable to the county judge of said county.   That such injunction be made perpetual.   And further relief and process of summons against said Davis, Wulff and Prendergast, defendants, and for writ of injunction against them restraining Wulff, as county clerk, from drawing an order on the county treasury for, and Davis, as treasurer, from countersigning and paying out of the county treasury, and Prendergast from receiving any money for salary payable to the county judge of said county until further order.

Affidavit of complainant verifying bill.

All the defendants demurred to the bill, and the court sustained the demurrers and dismissed the bill, and from said order the appeal is prosecuted.

Mr. WILLIAM T. BURGESS, *pro se.*

Messrs. SMITH & HARLAN, for appellees.

MORAN, P. J.   Counsel for appellant bases his contention
that he should have the injunction prayed for in the bill, on
the allegation that appellee Prendergast has impliedly re-
signed the office of county judge by being elected to and
accepting the office, of drainage commissioner, and many
cases are cited by counsel to show that the acceptance by one
holding an office, of another office which is incompatible with
the first, is a vacation of the said first office.

This may be true as a general proposition of law, but
whether true as applied to the case of appellee Prendergast
can only be determined in the forum which, by law, has juris-
diction to try and determine title to office, and by the pro-
cedure appropriate to the presentation of such a question.

Whether one has forfeited his legal right to hold an office,
the duties of which he continues to perform, by some act
subsequent to his election thereto, is in legal effect the same
question as whether one who obtrudes himself into an office
and performs the duties thereof to the exclusion of some
other who claims title thereto, is rightfully in the discharge
of such duties.   In whatever form the question is presented
the title to the office is involved, and the title to office is a
question cognizable only in a court of law, and which a court
of chancery is wholly without jurisdiction to determine.

Appellant seeks to avoid the logical consequence of this
well established rule, by the suggestion that he does not seek
to restrain the exercise of the functions of the office of county
judge, but only to prevent the misappropriation of the public
funds to one who is at most a *de facto* officer, and not of right
entitled to the salary.

The position is not tenable.   The people are interested in
having the duties of the office of county judge performed.
Public policy requires the recognition, as an established prin-
ciple, of the rule that an officer *de facto* may do legal acts,
though *de jure* he has no title, and the same public policy

Burgess v. Davis.

will prevent a court of chancery from interfering to disturb the *de facto* officer in the receipt of the fees or the salary of the office.    High on Injunctions, Secs. 1312, 1314; Tappan v. Gray, 9 Paige Ch. 506; The People v. Albany & Susquehanna R. R., 57 N. Y. 161; Buffalo v. Mackay, 15 Hun, 204; Palmer v. Foley, 45 How. Pr. R. 110; Stone v. Witmore, 42 Geo. 601.

This policy of the law has found recent and pointed illustration in the State of Massachusetts.

There, a statute provides that "when a town votes to raise, by taxation or pledge of its credits, or to pay from its treasury, any money for a purpose other than those for which it has the legal right and power, the Supreme Judicial Court may, upon the suit or petition of not less than ten taxable inhabitants thereof, briefly setting forth the cause of complaint, hear and determine the same in equity." A petition in equity was filed under this statute by ten taxable inhabitants of the city of Boston, to restrain the city from raising or appropriating moneys to pay the salaries of a board of police that had been appointed by the Governor of the State, and were performing the duties of their office, on the ground that the appropriation of such money for salaries and expenses of said board of police, was beyond the legal right and power of the city, for the reason that the act under which the Governor appointed the officers was unconstitutional, and they were entitled to no salary.

The Supreme Court, in deciding the case, said: "As a general rule the title to such an office can not be assailed collaterally; if he is holding without right, the remedy is by information in the nature of a *quo warranto*. Under such an information the title to the office can be fully tried and conclusively settled. * * * Ordinarily the person holding the office which is assailed is not a party to a suit under the statute, and if as was done by amendment in the case at bar, he is made a nominal party, no decree or judgment can be rendered against him. No judgment of ouster could be rendered, but after a decree in favor of the petitioners he would continue still to hold the office. * * * If we should enter a decree in favor of the plaintiffs, it could not remove the

board of police; they would still retain their offices, and thus would be produced confusion and conflict of authority between them and the old commissioners of police. * * * All difficulties will be obviated by trying the title to the office in the proper way, by information in the nature of *quo warranto*, the result of which will fully adjudicate and settle the rights of all parties."

It is unnecessary to discuss cases cited by counsel and claimed by him to support his contention. No case is to be found in which a court of chancery has taken jurisdiction to grant such relief as appellant seeks by his bill.

The demurrers were properly sustained, and the decree dismissing the bill will therefore be affirmed.

*Decree affirmed.*