THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JACOB SINGER et al., Defendants.

Supreme Court, Special Term, New York County, January 4, 1949.

*Percival E. Jackson* for Jacob Singer and others, defendants.

*Roe & Kramer* for Leonard P. Simpson and others, defendants.

*Baar, Bennett & Fullen* for Cedar Grove Cemetery Association, defendant.

*Nathaniel L. Goldstein, Attorney-General* (*Theodore D. Ostrow* and *Jerome O. Glucksman* of counsel), for plaintiff.

EDER, J.  Motions numbers 1174, 1178 and 1179 are considered together.  These motions seek basic, as well as subordinate relief, but if the basic relief sought is granted, viz.,— the dismissal of each of the eight causes of action set forth in the complaint,— the other relief sought becomes academic.

The defendants seek the dismissal of the complaint upon the grounds (1) that plaintiff is without legal capacity to sue, and (2) that each cause of action does not state facts sufficient to constitute a cause of action.

The defendant association is a membership corporation organized and existing under the laws of this State; it has the usual officers and board of directors.  The association conducts and operates a cemetery in this city.  The stockholders of the association consist of its members and those persons who are the owners of ninety-six square feet or more of land in the cemetery.

The individual defendants, at all times mentioned, have been and still are officers and directors of the association and have been and still are in charge and control and manage and direct the affairs and operations of the association.

In the conduct and operation of the cemetery the defendants have promulgated certain rules and regulations and imposed divers charges for services and care of burial plots and graves, which are required to be paid by those owning burial rights in

the cemetery or those persons who may be interested in the care and preservation of the same.

The association sells burial ground to those who may desire to purchase it, but is under no statutory duty or obligation to sell to any particular individual or group.

The association has earned profits and declared and paid dividends to its stockholders. The association has also paid salaries to its officers for their services to the association; it has also paid commissions on the sale of burial ground.

The association has also received funds to be held in trust for the perpetual care of graves, lots and plots.

The complaint, in sum, alleges the above-mentioned facts, and then avers that the imposition of said charges is unreasonable and excessive and compels members of the association and others to pay the same, and that this is contrary to the public policy of the State. There is the charge also that the dividends have not been properly distributed and paid and should first be applied to the upkeep of the cemetery and the payment of corporate debts; that the salaries, management fees and commissions paid are excessive and improper; that the stock issued is not the type authorized under the statutes relating to cemetery corporations and is, therefore, invalid; that the rules and regulations promulgated are unauthorized; that the continued practice of making such charges constitutes an undue burden on lot-owner members and persons who may want to deal with the association. There is also the allegation that the association has improperly intermingled funds received for perpetual care with the general funds of the association.

There are also allegations that such conduct and activities of the defendants offend the public policy of the State, and constitute a threat to the public safety, health and welfare of the people of the State.

Interwoven with all of the allegations mentioned above are general allegations that the acts and conduct of the individual defendants constitute abuse of the trust of their office and that they should be removed for misconduct.

The complaint prays judgment that the individual defendants be compelled to account for their management and disposition of the funds and property committed to their charge during their tenure of office; that they be compelled to repay the association any moneys or property acquired by them or lost to the association; that they be removed from office; that they be restrained from transacting any business on behalf of the association; that the defendants be enjoined from making

excessive and unreasonable charges for services rendered by the association; from making any rules or regulations establishing charges for the maintenance of the cemetery and penalties for the nonpayment of the same; from applying income from the sale of lots, plots or graves for any purposes prior to using such part as is necessary for the preservation and improvement of the cemetery; from intermingling funds received for perpetual care with the general funds of the association.

In instituting this action, with the People of the State of New York as the sole plaintiff, and in its own right, the Attorney-General has done so on the premise that the matters alleged in the complaint involve and affect the safety, health and welfare of the people of the State. That is the basic allegation of the complaint, of its right to sue, viz.: '' That this action is prosecuted in the name of the People of the State of New York for the protection of the safety, health and welfare of the People of the State of New York, the plaintiff herein.''

Unless, therefore, it appears that the matters alleged affect the public interest in the true and proper sense, rather than affecting individual private rights and interests, then the State is without legal capacity to sue (*People* v. *Albany & Susquehanna R. R. Co.,* 57 N. Y. 161, 167; *People* v. *O'Brien,* 111 N. Y. 1, 33; *People* v. *Lowe,* 117 N. Y. 175, 191).

It is apparent from the allegations of the complaint, as herein briefly summarized, that what is complained of by the State are matters in which the State has no public interest or right to intervene; they concern the internal affairs and management of the corporation between itself and its stockholders and lot owners, or persons with whom private contractual rights are involved, between the association and those individuals.

If improper or excessive charges are imposed on members, lot owners and others for service and care, that is a private matter between individuals and no public interest is involved; if dividends have not been properly paid or distributed, that is a private matter between the stockholders and the officers and directors, or creditors of the association; so, too, if excessive or improper salaries, commissions or management fees have been paid; if trust funds for perpetual care have been improperly intermingled with the general funds of the association, that is a private matter between the parties to such transaction; and if stock was irregularly issued, that is a private matter between the stockholders and the association.

The matters set forth, if they are wrongs, are wrongs to individual citizens and not to the State and are remediable at the suit of the parties injured only (*People* v. *Albany & Susquehanna R. R. Co.*, 57 N. Y. 161, 167, *supra*). As pointed out in said case: "The people of this State have no general power to invoke the action of the courts of justice, by suits in their name of sovereignty for the redress of civil wrongs, sustained by some citizens at the hands of others. When they come into court as plaintiffs in a civil action they must come upon their own right, for relief for which they are themselves entitled. It is not sufficient for the people to show that wrong has been done to some one; the wrong must appear to be done to the people, in order to support an action by the people for its redress. The suit now before us seems to have been instituted on a different theory. It sets forth various acts as wrongful, which, if wrongful, affect no public right."

At page 171, the court said: "The people cannot intervene except upon the assertion of a distinct right on the part of the public in respect to the subject-matter litigated." In *People* v. *Lowe* (117 N. Y. 175, 195, *supra*), the court points out that the People have no right to intrude and carry on litigation for purely private ends in which the People in no proper sense have a right or interest.

That, I feel, is the situation here. The matters set forth and complained of in no proper or true sense involve or affect the safety, health or welfare of the people of the State at large. While section 134 of the General Corporation Law authorizes the Attorney-General, in his discretion, to institute suit where he believes the public interests require such action to be brought, his determination is not final for all purposes, and whether the action brought is permissible and maintainable is a matter subject to judicial review (*People* v. *Lowe, supra*, pp. 194–195).

Within the views here expressed and the cases cited, I am of the opinion that there is no public policy involved, that the matters alleged and complained of do not involve any public right or interest and do not affect the safety, health and welfare of the people of the State, but involve private rights and interests, and if wrongs, involve private wrongs only, and hence the State is without legal capacity to sue.

The situation would be different if the Attorney-General had instituted suit as authorized by sections 60 and 61 of the General Corporation Law; but such an action is a derivative one and would have to be brought in the right and for the benefit of

the corporation (*People* v. *Equitable Life Assurance Society,* 124 App. Div. 714) and the facts bringing the action within the ambit of these provisions would have to appear — the showing of injury and damage to the corporation. However, the Attorney-General has elected to proceed on the theory that the action is authorized as affecting public rights and interests, with which I am unable to agree.

Insofar as the complaint attempts to set forth a cause of action to remove the individual defendants from office for alleged abuse of trust, namely, the first, second, third and fourth causes of action, I am of opinion that a cause of action is set forth only in the third cause of action, viz., the improper withdrawal and payment of salaries, commissions and management fees. The acts charged in the other causes of action do not, in my opinion, constitute abuse of trust of office. If the acts were erroneous, I think they come more properly in the category of error of judgment.

The other causes of action are dismissed, without leave to amend, for the reason that in my opinion they neither involve any public right or interest or affect the safety, health or welfare of the people in the true and proper sense, but concern individual and private rights and interests, or involve private wrongs.

In conclusion I deem it appropriate to mention that I am satisfied that this action was instituted by the Attorney-General with laudable objectives.

The law with respect to cemetery associations is loose, inadequate and obsolete and makes no provision for proper superintendence and regulation and control over these corporations in the conduct, management and operation of their affairs and with respect to the conduct and operation of cemeteries, the maintenance and care of burial ground, the charges for services and for the handling and disposition of funds received for perpetual care.

There is obvious need for revision of the present laws in that connection and I suggest the introduction of legislation at the coming session of the Legislature to that end. I feel, strongly, that there should be a State superintendent in charge of cemetery corporations and associations, with power to promulgate rules and regulations for the conduct and operation of cemetery corporations, subject to inspection and supervision by the State, as to the proper care and maintenance of burial grounds, as to proper use of funds received for care and maintenance, as to the proper use and disposition of funds received for perpetual care of burial land.

That cause exists for criticism is made to appear, but these are conditions which can be corrected by appropriate legislation.

The Attorney-General, recognizing the limitations and inadequacy now existing under the present state of the law, has, by this action, sought to obtain a review of the acts of the defendants and a determination by a form of prayer for relief which would accomplish the prevention of the acts and conduct charged to be improper.

However, before this court can entertain such an action, the facts must appear to authorize the State to sue.

For the reasons given, I have reached the ultimate conclusion that, except as to the third cause of action, the State lacks the legal capacity to sue.

The motions to dismiss are granted as to all causes of action, except the third cause of action, as to which the motions to dismiss are denied.

Settle order.