AMALIA MILETITS, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31947.)

Court of Claims, August 19, 1953.

*Marvin George Florman* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Fred I. Zabriskie* of counsel), for defendant.

SYLVESTER, J. Motion of the State to dismiss the claim as insufficient in law is granted. The claim for damages in the amount of $894 is grounded upon the alleged negligence of the Temporary State Housing Rent Commission in failing to recover rent overcharges for claimant's benefit. It is alleged that, beginning January 15, 1951, claimant occupied a three-room apartment at 818 East 16th Street, Brooklyn, at an agreed rental of $50 per month. On October 6, 1951, she addressed a letter to the Brooklyn local rent office of the commission, inquiring about the maximum rent for the apartment, to which reply was made on October 13, 1951, that the apartment was not regis-

tered. Upon further investigation, it was ascertained that the apartment was, in fact, registered at a maximum legal rental of $32 per month. On December 1, 1951, claimant wrote to the State Rent Administrator inquiring about the procedure to be followed to recover the overcharges and was advised on December 6, 1951, by the local rent office in the Brooklyn area to file Form 60. On January 4, 1952, claimant filed the Form 60, which contained the following instructions: "Rights of Tenant Who Has Been Overcharged. If you have been overcharged and the housing accommodations are controlled, you have a right under the Emergency Housing Rent Control Law to institute suit against your landlord for any overcharge paid by you within one year from the date of the overcharge after May 1, 1950. Within thirty days after the date you paid the overcharge, you alone have this right. If you do not avail yourself of this right within that period, the Administrator hereafter has an equal right to bring such action on behalf of the State. It is the policy of the Administrator, however, not to interfere with your right of action. If such action is commenced by the Administrator, you will be barred from bringing suit or asserting any claim for the same overcharge. By signing below you indicate that you do not intend to institute suit on your claim. If the Administrator thereafter effects a settlement, an attempt will be made to obtain a refund for you of all or part of the overcharge. If settlement cannot be effected and the Administrator decides not to institute suit, you will be so notified and you may take such lawful action as you may deem proper. If the Administrator does not effect a settlement and institutes suit on behalf of the State, the amount recovered will be paid in accordance with the order of the Court."

The claim further alleges that although claimant filed her petition with the Brooklyn rent office on January 7, 1952, she received no response from that office and that on June 10, 1952, she again wrote to local rent administrator inquiring whether he " will handle the return of this overcharge " and asking that if the commission were not handling the matter, that the checks and rent receipts be returned in order that she might take further action, but that no reply was received to this letter. On September 12, 1952, claimant wrote the State Rent Administrator enclosing a copy of her letter of June 10th, and thereafter she made various telephone calls to employees of the Brooklyn rent office in connection with the status of her application. On January 14, 1953, she was advised by an employee of the Brooklyn rent office that her application had been closed and that she

should reapply on a new Form 60 for the refund of her overcharges, which she did on January 20, 1953. Finally, on April 6, 1953, she received the following notification from the Local Rent Administrator: "Landlord is now in compliance and has been since January 1952. It is the policy of the Commission not to prosecute this type of case. This does not preclude any action on your part. Any action should be instituted by your own attorney."

It is alleged that on April 6, 1953, when this communication was received by claimant, her right to institute an action in her own behalf had been barred by the applicable Statute of Limitations. Asserting that her cause of action was thus lost by reason of the neglect of the Temporary State Housing Rent commission, claimant seeks damages.

Subdivision 5 of section 11 of the State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1951, ch. 443) provides as follows: "If any landlord who receives rent from a tenant violates a regulation or order prescribing the maximum rent with respect to the housing accommodations for which such rent is received from such tenant, the tenant paying such rent may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the landlord on account of the overcharge as hereinafter defined. * * * If any landlord who receives rent from a tenant violates a regulation or order prescribing a maximum rent with respect to the housing accommodations for which such rent is received from such tenant, and such tenant either fails to institute an action under this subdivision within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the commission may institute such action on behalf of the state within such one-year period. If such action is instituted by the commission, the tenant affected shall thereafter be barred from bringing an action for the same violation or violations."

Since claimant must be presumed to know the law (*Ross* v. *Pan Amer. Airways,* 299 N. Y. 88, 96), it follows that on October 13, 1951, when she was advised of the rent overcharge by the Brooklyn local rent office, she was aware of her primary right to prosecute the claim for refund against the landlord. Having elected not to institute such action, she in effect rendered her claim subject to such action as the Rent Administrator might determine to take in his discretion. The policy of the State or Local Rent Administrator with respect to the prosecution of particular violations necessarily transcends the interest

of a particular tenant. The State's duty in these circumstances is owed to the community at large, not to a particular individual (*Steitz* v. *City of Beacon,* 295 N. Y. 51, 56; Restatement, Torts, § 288). At no time was claimant precluded from bringing such action. Under the statute, the filing by claimant of Form 60 had no such effect, since the law expressly provides that only the institution of an action by the Rent Administrator will preclude the commencement of a proceeding by the tenant (State Residential Rent Law, § 11, subd. 5).