OPINION OF THE COURT
Eugene R. Wolin, J.
The Attorney-General has brought this proceeding pursuant to CPLR article 78 for an order in the nature of a mandamus directing the New York City Conciliation and Appeals Board (CAB) to comply with certain provisions of the Omnibus Housing Act of 1983 (L 1983, ch 403 [the Act]).
The Act amended the Rent Stabilization Law (Administrative Code of City of New York, § YY51-1.0 et seq. [the Code]) and took effect on June 30,1983. At issue is section 13 of the Act which amended section YY51-6.0.3 of the Code. Specifically section 13 of the Act provides that: “In addition to any other remedy afforded by law, any tenant may apply to the conciliation and appeals board * * * for a reduction in the rent to the level in effect prior to its most recent adjustment and for an order requiring services to be maintained as provided in this section, and the conciliation and appeals board * * * shall so reduce the rent if it is found that the owner has failed to maintain such services”.
*48 As part of its function the CAB provides standardized forms to be utilized by tenants who complain about a diminution of services on either an apartment-wide or a building-wide level. These forms have apparently been in use since 1975 and the CAB has continued to distribute the forms after the effective date of the Act. The forms however do not provide any information with regard to the right of the tenant to seek a rent abatement nor is there any space provided for a formal request for an abatement.
The petition alleges that the CAB has failed to properly inform tenants of their rights under the Act, has failed to revise its forms in conformity with the Act and has failed to order rent abatements except in those proceedings wherein the tenant specifically requested an abatement. It is the position of the Attorney-General that the Act requires the CAB to order a rent reduction in all cases when it finds a diminution of services whether or not a rent reduction has been formally requested by the tenant. Thus the Attorney-General seeks an order directing the CAB to deem each complaint for diminution of services filed after June 30, 1983 to contain a demand for a rent reduction; to recall all opinions in diminution of services cases rendered after June 30,1983 wherein the complaint was sustained but no rent reduction was ordered and to amend and reissue those orders to include a rent reduction.[1] The Attorney-General also seeks an order directing the CAB to issue and make available revised complaint forms.[2]
While not conceding that the Act requires a rent reduction in the absence of a request by the tenant, the CAB challenges the standing of the Attorney-General to bring this proceeding. The Attorney-General has asserted standing in his capacity as parens patriae on behalf of all tenants in rent-stabilized apartments in the City of New York.[3]
*49 The concept of parens patriae is a judicial recognition of the inherent power of the State to prevent injury to those who, for whatever reason, cannot protect themselves (Mormon Church v United States, 136 US 1). In exercising its prerogative the State is not limited to representation of citizens suffering a particular disability but may bring suit to protect the welfare of any substantial segment of its population (see People v New York City Tr. Auth., 59 NY2d 343). However when the State does bring suit, it must be for redress of wrongs done to the interests of the people as a whole and not merely to vindicate the individual or private interests of certain citizens (People v Albany & Susquehana R. R. Co., 57 NY 161; People v Lowe, 117 NY 175; People v O'Brien, 111 NY 1; People v Singer, 193 Misc 976). If the aggrieved individual has an adequate remedy at law, then the State is merely a nominal party with no real interest of its own. As a nominal party the State would not have the capacity to sue as parens patriae.
In analyzing the standing of a State to maintain an action, the courts have spoken of the “quasi-sovereign interests” of the State (Snapp & Son v Puerto Rico, 458 US 592; People v 11 Cornwell Co., 695 F2d 34; Commonwealth of Puerto Rico ex rel. Quiros v Bramkamp, 654 F2d 212, cert den 458 US 1121). While not admitting of a precise definition, a “quasi-sovereign interest” has been held to consist of a set of interests which the State has in the well-being of its populace (Snapp & Son v Puerto Rico, supra, at p 602). Well-being in this context is broad enough to encompass conditions affecting both the physical and the economic life of the citizens of the State. The interest involved must also be sufficiently concrete to create an actual controversy. The injury complained of cannot be to any purely sovereign or proprietary interest of the State, nor can the State assert the purely private claims of individual citizens. Finally there must be an injury to a sufficiently substantial portion of its population, something more than an injury to an identifiable group of individuals (Snapp & Son v Puerto Rico, supra, at p 607).
Applying these criteria to the case at bar the court finds that the Attorney-General may not maintain this action as *50 parens patriae. The interest of the State in the proper enforcement and administration of its laws is purely a sovereign one and cannot be the predicate for standing to protect a quasi-sovereign interest (Snapp & Son v Puerto Rico, supra, p 601). Further, the relief sought in the petition, viz., the allowance of rent reductions to tenants in buildings where the CAB has found a diminution of services, was fully available to the tenants and remains available to affected tenants in proceedings brought before the CAB. Litigants, even if they proceed pro se, are presumed to know the law and are bound thereby regardless of the availability of revised forms (Ross v Pan Amer. Airways, 299 NY 88; Miletits v State of New York, 204 Misc 381). In addition a tenant could seek a review of the CAB determination in an individual proceeding brought pursuant to article 78 (see Greystone Mgt. Corp. v Conciliation & Appeals Bd., 94 AD2d 614). Thus arguments for standing become less compelling when private suits by the aggrieved parties are feasible and would provide complete relief (People v 11 Cornwell Co., supra; Commonwealth of Puerto Rico ex rel. Quiros v Bramkamp, supra). As was indicated above, the State cannot proceed as parens patriae simply to vindicate the private claims of individual citizens. Finally, although the court notes the large volume of complaints and proceedings heard by the CAB, there is no indication that the people affected by CAB decisions rendered since the effective date of the statute, represent anything more than an identifiable group of individual citizens whose claims could be prosecuted in individual suits. Without a real interest in the litigation the State is merely a nominal party without standing to bring or maintain this proceeding.
Accordingly the petition of the Attorney-General is denied and the respondent New York City Conciliation and Appeals Board shall have judgment dismissing the proceeding.

. The decisions and orders complained of affect not only the tenants but also the landlords who would be required to absorb the rent abatements. These landlords should have been named as respondents in this proceeding with an opportunity to represent their interests (cf. Matter of Martin v Ronan, 47 NY2d 486; Matter of Morvant v Carey, 70 AD2d 880). However in view of the court’s decision on the issue of the standing of the Attorney-General, this issue is not controlling.

. The chief of the litigation division of the respondent has submitted an affidavit indicating that revised forms which comply with the Act have been available since Nov., 1983 and that revised procedures for compliance with the Act were implemented simultaneously. Thus that branch of the petition has been rendered academic.

. The Attorney-General has not alleged any fraudulent practice which would justify an assertion or jurisdiction pursuant to subdivision 12 of section 63 of the Executive Law *49 (see Matter of State of New York v Parkchester Apts. Co., 28 NY2d 842; Matter of State of New York v Parker, 30 NY2d 964).