■ In the Matter of PHILLIP MARCUS et al., Appellants, v. H. ELIOT KAPLAN et al., Constituting the State Civil Service Commission, Respondents.— Appeal from an order of the Supreme Court, Albany County, dismissing appellants' petition brought pursuant to article 78 of the Civil Practice Act for a review of a Civil Service Commission determination which changed the results of a written examination given for appointments to the position of Probation Supervisor in the Court of General Sessions. After the results of the written examination were originally promulgated, appellants and two others appealed the results to the Committee on Appeal. The committee adjusted certain questions and answers as a result of which appellant Marcus was dropped from fourth to fifth place on the eligibility list and appellant Rudnick from seventh to ninth. Appellants then brought the instant proceeding to review these revisions, and the court below dismissed their petition on the grounds that appellants' argument that their answers were as good or better than those finally chosen was of no avail, relief being available only if the commission's selection of answers was arbitrary. On appeal here appellants contend, inter alia, that there were triable issues and that they should have been given leave for discovery and inspection. In the interim while this appeal was pending, the Court of Appeals reversed decision of the Appellate Division, First Department in Matter of Acosta v. Lang (18 A D 2d 618, revd. 13 N Y 2d 1079), relied on heavily by the court below. In so doing the Court of Appeals stated (p. 1081): "Petitioner is not required to show that there is no reasonable basis for the key answer selected by the commission, but merely that the answer given by the candidate on the test is better or at least as good as the key answer. Where there are two equally acceptable answers to a question, the selection of one as the correct answer must be deemed to be the result of an arbitrary decision (Matter of Fink v. Finegan, 270 N. Y. 356; Matter of Gruner v. McNamara, 298 N. Y. 395). A hearing to determine such an issue does not constitute an interference with the discretion committed to the commission but merely serves to keep that body within the constitutional limits of its jurisdiction (N. Y. Const., art. V, § 6). Notwithstanding the limitations on the review of administrative action, the power nonetheless exists and should be exercised in an appropriate case. This is such a case." During this same period appellant Marcus was advanced to the top of the list because of various appointments therefrom. In view of these happenings, respondents moved for remand as to appellant Rudnick so that he might be afforded a trial of his claim and argued that Marcus' elevation rendered further litigation in his case academic. Appellant Rudnick now urges in opposition to respondents' motion that the issue should be decided

without the necessity of remand upon the record in this appeal. This position is, of course, completely inconsistent with his argument on his appeal. Moreover, in view of the factual questions which *Acosta* now puts in issue, a hearing must be held so that both litigants will have an opportunity to establish all relevant facts bearing on the dispute. Appellant Marcus takes the position that his case is not moot, despite the fact he is now number one on the eligibility list, on the grounds that if his contentions concerning his answers to the disputed questions are proved correct, he would be entitled to immediate appointment. We cannot agree with this position. In order for appellant Marcus to receive an immediate appointment he would have to displace one Morrissey, the last appointee to such a position. Aside from regulation 1 (subd. 4, par. c) of the Regulations of the State Civil Service Commission which would appear to preclude such action, Morrissey, whose rights would obviously be affected if appellant Marcus' contention were upheld, was not made a party to this proceeding (see CPLR, 7802 subd. [c], formerly Civ. Prac. Act, § 1290). Nor did appellant Marcus obtain a stay of appointments from the eligibility list pending his appeal (cf. *Matter of Bucalo* v. *Kaplan,* 19 A D 2d 478). Further, under the so-called "rule of three" both appellant Marcus, then second on the list, and Morrissey, then first on the list, were eligible for the position at the time Morrissey was selected (Civil Service Law, § 61, subd. 1). Moreover, even if the revisions sought by appellant Marcus were granted and he were thereby rated first and Morrissey second and then assuming Morrissey's appointment were vacated, the appointing authority could still properly select Morrissey for the position. Thus since appellant Marcus cannot displace Morrissey and since he is presently number one on the eligibility list, there is nothing that can be achieved by continuing his case. The order of Special Term insofar as it denies the application and dismisses the petition of Sidney Rudnick reversed and the matter remanded for further action not inconsistent therewith, without costs. The appeal of Phillip Marcus dismissed as moot, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.