instance since the defendant could not be retried for rape as such would constitute double jeopardy (CPL 40.20; *People v Jackson, supra; People v Gesegnet,* 47 AD2d 333). As far as defendant's contention that the court erred in failing to grant a hearing on the constitutionality of section 130.05 (subd 3, par [a]) of the Penal Law is concerned, any error that may have been committed in that respect was harmless in that it did not affect the verdict of the jury on the facts of the case nor did it prejudice defendant since he may still obtain such a hearing by writ of habeas corpus *(People ex rel. Kemmler v Durston,* 119 NY 569). Upon his conviction defendant was sentenced as a youthful offender to one-year imprisonment in the Monroe County Jail. The record shows that while he did have some difficulties regarding school attendance, he has never been in any prior trouble with the law. Under these circumstances, a sentence of three years' probation in accordance with the provisions of section 65.00 (subd 3, par [b]) of the Penal Law would have been a more effective and constructive punishment. It would provide the necessary supervision and rehabilitative guidance that this defendant requires (CPL 470.15, subd 2, par [c]; subd 6, par [b]). (Appeal from judgment of Monroe County Court, adjudicating defendant a youthful offender.) Present—Marsh, P. J., Moule, Simons, Mahoney and Del Vecchio, JJ.

■ LORA H. KLINGER, Individually and as Administratrix of the Estate of RICHARD B. KLINGER, Deceased, Appellant-Respondent, v JERRY DUDLEY et al., Defendants and Third-Party Defendants-Appellants. WAYNE COOKSON et al., Respondents; FRANK LEONE, Defendant-Appellant and Third-Party Plaintiff-Appellant. STEVEN F. SMITH et al., Third-Party Defendants-Appellants; DONALD HAMMOND et al., Third-Party Defendants-Respondents. (Appeal No. 1.)—Judgment unanimously modified, on the law, in accordance with memorandum and as modified affirmed, without costs. Memorandum: The evidence in this negligence action presented questions of fact as to liability and damages and we find no grounds for reversal as to either. The judgment of May 9, 1974 must be modified in the second and third ordering paragraphs to provide that payment of the judgments against the third-party defendants is conditioned upon defendant Leone paying the full amount of the judgment rendered against him *(McCabe v Queensboro Farm Prods.,* 22 NY2d 204; *Adams v Lindsay,* 77 Misc 2d 824; McLaughlin, New York Trial Practice 171 N.Y.L.J., June 14, 1974, p 4; David E. Siegel, Practice Commentary, McKinney's Cons. Laws of N.Y., Book 7B, CPLR 3019, pp 278–279). We find no merit to the other points raised. (Appeals from judgment of Chautauqua Trial Term in wrongful death action.) Present—Marsh, P. J., Moule, Simons, Mahoney and Del Vecchio, JJ.

■ THEODORE KIRKLAND, Respondent, v BOARD OF EDUCATION OF THE CITY OF BUFFALO et al., Appellants; WAYNE HOWARD, Intervenor-Appellant. (Appeal No. 1.)—Appeal unanimously dismissed as academic in view of decision in *Kirkland v Board of Educ. of City of Buffalo* (49 AD2d 693). (Appeal from order of Erie Special Term in declaratory judgment action to nullify appointment to position.) Present—Marsh, P. J., Moule, Simons, Mahoney and Del Vecchio, JJ.

■ THEODORE KIRKLAND, Respondent, v BOARD OF EDUCATION OF THE CITY OF BUFFALO et al., Respondents; WAYNE HOWARD, Appellant. (Appeal No. 2.)—Appeal unanimously dismissed as academic in view of decision in *Kirkland v Board of Educ. of City of Buffalo* (49 AD2d 693). (Appeal from order of Erie Special Term denying motion to intervene.) Present—Marsh, P. J., Moule, Simons, Mahoney and Del Vecchio, JJ.

■ THEODORE KIRKLAND, Respondent, v BOARD OF EDUCATION OF THE