■ THEODORE KIRKLAND, Respondent, v BOARD OF EDUCATION OF THE CITY OF BUFFALO et al., Appellants; WAYNE HOWARD, Intervenor-Appellant. (Appeal No. 1.)—Appeal unanimously dismissed as academic in view of decision in *Kirkland v Board of Educ. of City of Buffalo* (49 AD2d 693). (Appeal from order of Erie Special Term in declaratory judgment action to nullify appointment to position.) Present—Marsh, P. J., Moule, Simons, Mahoney and Del Vecchio, JJ.

■ THEODORE KIRKLAND, Respondent, v BOARD OF EDUCATION OF THE

CITY OF BUFFALO et al., Respondents, and WAYNE HOWARD, Appellant. (Appeal No. 3.)—Order unanimously reversed, with costs, and application granted in accordance with the following memorandum: Plaintiff instituted this declaratory judgment action challenging as invalid the appointment of movant Wayne Howard as Director of Security of the Buffalo Board of Education, upon the ground that it violated the residency requirement of the ordinances of the City of Buffalo. Although the complaint demanded, among other relief, that Howard be removed from the position, he was not made a party to the action and was not advised of it until after plaintiff had been awarded partial summary judgment directing Howard's removal as Security Director. Howard's subsequent application to be joined as a party defendant in the action and that the partial summary judgment order be vacated should have been granted. The fact that it was not made until after the action had been determined on the merits at Special Term did not preclude favorable disposition of the application (CPLR 1003; *Matter of Fellner v McMurray,* 41 AD2d 853). Howard, as incumbent in the position sought by plaintiff and whose right to the position was under direct attack, was both a person who should be a party if complete relief is to be accorded between the persons who are parties to the action and one who might be inequitably affected by a judgment in the action; as one subject to the jurisdiction of the court—indeed, actively seeking to be joined—he should be summoned in the action (CPLR 1001; *Matter of Greenspan v O'Rourke,* 27 NY2d 846; *Matter of Marcus v Kaplan,* 20 AD2d 841). The case of *Matter of Castaways Motel v Schuyler* (24 NY2d 120), relied on by plaintiff, is distinguishable in that there the issue which served as the basis for excluding the nonparty was not in itself the principal issue of the litigation and the nonparty did not stand to be deprived of a property interest by the outcome of the litigation, as does Howard here. Furthermore, even if Howard were not regarded as a necessary party under CPLR 1001, the denial of his request to intervene in the action would be an abuse of discretion under CPLR 1013 *(Matter of Teleprompter Manhattan CATV Corp. v State Bd. of Equalization & Assessment,* 34 AD2d 1033). The order granting plaintiff partial summary judgment is vacated without prejudice to renewal of the motion by any party after service of Howard's answer. (Appeal from order of Erie Special Term denying application to intervene and set aside order granting partial summary judgment.) Present—Marsh, P. J., Moule, Simons, Mahoney and Del Vecchio, JJ.