■ WILLIAM A. DUQUIN, Appellant, v ANTHONY J. COLUCCI et al., Constituting the Municipal Civil Service Commission of the City of Buffalo, Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Petitioner appeals from a judgment of Special Term which granted him partial relief in this article 78 proceeding in which he challenged the grading to a civil service examination for the position of assistant housing director. On a prior appeal we remitted the matter for development of the record (55 AD2d 832). We agree with Special Term's finding that there was a rational basis for the respondents' actions in deleting Questions Nos. 29 and 44. That being so, the court may not substitute its judgment for that of

respondents *(Duquin v Colucci, supra,* p 832, and cases cited therein). Respondents question some of Special Term's rulings but inasmuch as they have not appealed, the issues raised in their brief are not properly before the court (see *City of Rye v Public Serv. Mut. Ins. Co.,* 34 NY2d 470, 474; *Drury v Bone,* 33 AD2d 886; *Ralston Purina Co. v Siegel's Poultry,* 24 AD2d 926). The other point raised by petitioner is his contention that the court may remove incumbents previously appointed who have been adversely affected by subsequent changes in the grading of this examination made by respondents or ordered by the court. The examination was held more than three years ago and since that time 11 successful candidates have been appointed by the housing authority. None had been made a party to this proceeding and petitioner may not oust them from their employment by judicially declared changes in the examination results (see *Matter of Marcus v Kaplan,* 20 AD2d 841, 842; *Matter of Kelleher v Poston,* 33 AD2d 535, 536). Furthermore, insubstantial errors by the commission in grading the examination which are not the product of fraud or illegality by the employee may not be the basis for an employee's removal *(Matter of Wolff v Hodson,* 285 NY 197, 202; *Matter of Canarelli v New York State Civ. Serv. Comm.,* 44 AD2d 645; and see *Matter of Ebling v New York State Civ. Serv. Comm.,* 305 NY 221, 226; see Civil Service Law, § 50, subd 4). (Appeal from judgment of Erie Supreme Court—art 78.) Present—Marsh, P. J., Moule, Simons, Dillon and Witmer, JJ.