■ In the Matter of RUSSELL MORVANT, on Behalf of Himself and All Others Similarly Situated, Respondent, v FREDERICK S. CAREY et al., Constituting the Municipal Civil Service Commission of the City of Yonkers, Appellants.—Appeal from a judgment of the Supreme Court, Westchester County, dated May 25, 1978, which, *inter alia,* determined that the police sergeant's promotional list established by the Civil Service Commission of the City of Yonkers as of May 3, 1977 is the only valid list for use in the certification of candidates since its establishment and declared any certifica-

tions and appointments made from any other list after May 3, 1977 invalid. Judgment reversed, on the law, with $50 costs and disbursements to appellants payable by petitioner-respondent, and proceeding dismissed on the merits. The petitioner is disputing the validity of a resolution passed by the Yonkers Civil Service Commission on May 2, 1977 which simultaneously established a new list for promotion to sergeant for a period of four years and also provided that "The eligible list for Police Sergeant expiring 11/27/77 will be certified before the eligible list established as a result of the above examination." The petitioner is on the new list and objects to having the time run on his list while candidates on it could not actually be appointed, even if vacancies became available, until the old list was exhausted or expired. This proceeding was commenced on December 22, 1977. If it is deemed a proceeding in the nature of certiorari to review the commission's determination, it must be dismissed under the applicable four-month Statute of Limitations (see CPLR 217). If it is deemed a proceeding in the nature of mandamus to compel the performance of a duty under law, the statute would not have started to run until a demand was made and refused. It appears from the record that a demand was first made in this case on November 21, 1977. The proceeding is therefore not time barred if it is in the nature of mandamus. (See, generally, *Austin v Board of Higher Educ. of City of N. Y.,* 5 NY2d 430, 442.) While this proceeding could be characterized as one to review the commission's determination, the thrust of the petitioner's argument is that he was entitled to certain rights under the Civil Service Law. Under the facts of this case, we cannot say that Special Term's finding that this action is "in the nature of mandamus and prohibition" is incorrect. The proceeding is therefore not time barred and the order entered January 30, 1978, denying appellants' motion to dismiss, was proper (cf. *Matter of Central School Dist. No. 2 of Towns of Coeymans, New Scotland & Bethlehem v New York State Teachers' Retirement System,* 27 AD2d 265). Special Term found, notwithstanding the language of section 56 of the Civil Service Law, which gives a municipal civil service commission broad discretion in determining the duration of a list (cf. *Matter of Roske v Keyes,* 46 AD2d 366, 368; *Matter of D'Amico v Leonard,* 64 AD2d 626, 627), that the following language of subdivision 1 of section 60 of the Civil Service Law made the resolution establishing the new list and simultaneously requiring selection of names for appointment from the old list only, illegal: "Where an old list which has been in existence for one year or more is continued upon the establishment of a new list which contains less than three names, the civil service department or a municipal commission may certify the names on the old list along with enough names from the new list to provide the appointing officer with a sufficient number of eligibles from which selection for appointment may be made." Special Term reasoned: "It is clear from the above language that an old list that has been in existence for over a year (which this list was) may remain in effect and appointments may be made from it even where a new list is certified, but only when that new list contains less than three names." We do not agree with this analysis. The provision in question places no restrictions on the power of a civil service commission to run two concurrent lists for the same position. Subdivision 1 of section 61 of the Civil Service Law provides, in pertinent part: "Appointment or promotion from an eligible list to a position in the competitive class shall be made by the selection of one of the three persons certified by the appropriate civil service commission as standing highest on such eligible list who are willing to accept such appointment or promotion". The disputed provision of subdivision 1 of section 60 does no more than

permit a commission to draw names from two lists when it must do so to provide an appointing officer with a list of three names. Section 56, on the other hand, specifically provides: "An eligible list that has been in existence for one year or more shall terminate upon the establishment of an appropriate new list, *unless otherwise prescribed* by the state civil service department or *municipal commission having jurisdiction"* (emphasis supplied). We also note that the judgment effectively deprives employees promoted from the old list after May 3, 1977 of their promotions. This should not have been done without joining those adversely affected (see *Matter of Marcus v Kaplan,* 20 AD2d 841; *Duquin v Colucci,* 60 AD2d 995, 996). It is unnecessary to reach any of the other issues raised on this appeal. Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.