■ In the Matter of JONATHAN BOAGS et al., Appellants, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent. —Judgment, of the Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about January 11, 1988, which denied and dismissed petitioners' petition pursuant to CPLR article 78, and the order of that same court, entered on or about April 11, 1989, which clarified the judgment, is unanimously affirmed, without costs or disbursements.

Petitioners are Port Authority police officers who were, in 1981, placed on an unranked horizontal list of eligible candidates for promotion to the rank of sergeant. This list, which expired in January of 1984 and had a three-year duration period, was revived in 1985 due to a shortage of available candidates for the sergeant rank. In June of 1986, the Port Authority and the Police Benevolent Association (PBA) negotiated the following agreement for a new promotion procedure: "So long as the Port Authority has an alternate source for filling vacancies in Police Sergeant positions or is actively progressing toward the creation of a Police Sergeants eligibility list pursuant to a document captioned 'Procedure and

Criteria for Promotion of Police Officers (Job Spec. 2600) to the rank of Police Sergeant (Job Spec. 2605),' the Port Authority will not make further promotions to the rank of Police Sergeant from the eligibility list which had an expiration date of January 1984. If the document entitled 'Procedure and Criteria for Promotion of Police Officers (Job Spec. 2600) to the rank of Police Sergeant (Job Spec. 2605)' is ratified by the PBA, the Port Authority will not make any promotions to the rank of Police Sergeant from the eligibility list which had an expiration date of January 1984, after the establishment of the eligibility list pursuant to the promotion procedure so ratified. This agreement by the Port Authority with respect to its use of the list which had an expiration date of January 1984, is not and it shall not be deemed to be an admission by the Port Authority that it does not have an unconditioned right to extend previously expired promotion eligibility lists or to make promotions from such expired lists."

The new promotion procedure was thereafter approved by a majority of the PBA's membership, petitioners' duly recognized bargaining agent. In addition, the procedure contained a provision whereby individuals already on a "permanent eligibility roster" would automatically be placed on the new eligibility list. The only preexisting list which was considered "permanent" was a horizontal list established in 1976. However, the new eligibility list was a vertical one based upon test scores and performance appraisal. The instant petition was filed after the Port Authority refused to place petitioners on the new promotional list and also advised them that they were not on a permanent eligibility roster and that their list had expired in 1984. Although the Port Authority had subsequently extended the 1981 list beyond 1984, it had now expired with the establishment of the new procedure. The IAS court dismissed the petition in a memorandum decision and later clarified its determination. In that regard, petitioners lack the standing to bring this proceeding challenging their employer's alleged misinterpretation of its agreement with the collective bargaining agent, the PBA (see, *Chupka v Lorenz-Schneider Co.*, 12 NY2d 1, 6, *appeal dismissed* 372 US 227). They may only maintain this proceeding if it is demonstrated that the union failed in its duty of fair representation (see, *Matter of Board of Educ. v Ambach*, 70 NY2d 501, 508). Since petitioners do not allege such a failure, the IAS court properly dismissed the petition. Moreover, even assuming that petitioners did possess the standing to assert this challenge, we would

nevertheless affirm the IAS court's dismissal of the petition. The Port Authority did not act arbitrarily or capriciously by refusing to treat the 1981 promotional list as "permanent". Under the newly negotiated procedure, which was ratified by the PBA, only the preexisting 1976 list was considered "permanent". Concur—Ross, J. P., Milonas, Rosenberger, Kassal and Rubin, JJ.