■ In the Matter of SCOTT SCHAFFRICK, Respondent-Appellant, v NEW PALTZ POLICE DEPARTMENT et al., Appellants-Respondents. [786 NYS2d 244]—

Rose, J. Cross appeals from an order of the Supreme Court (Connor, J.), entered January 15, 2003 in Ulster County, which, inter alia, in a proceeding pursuant to CPLR article 78, denied respondents' motion to dismiss the petition for lack of standing.

Petitioner is a police officer employed by respondent New Paltz Police Department (hereinafter the Department). In June 2000, petitioner took and passed a civil service examination for the position of police sergeant and his name was placed on an eligibility list (hereinafter the 2000 list) prepared by the Ulster County Personnel Department (hereinafter UCPD). By late 2001, petitioner was the sole remaining candidate on the 2000 list.

Another examination for police sergeant was conducted in June 2002, but petitioner did not take it. On July 3, 2002, because the June 2002 examination results were not yet known and the 2000 list was soon to expire on August 17, 2002, the UCPD extended the 2000 list for another year to August 17, 2003. On August 29, 2002, after receiving the results of the 2002 examination, the UCPD issued a new eligibility list (hereinafter the 2002 list), which did not include petitioner as he had not taken the 2002 exam. When the Department later appointed an officer who was on the 2002 list to an open sergeant's position, petitioner challenged the Department's action by commencing this CPLR article 78 proceeding and alleging that the 2000 list was still in effect. Respondents then moved to dismiss the petition on the ground that petitioner lacks standing. Supreme Court denied the motion, finding, among other things, a question of fact as to whether the 2000 and 2002 lists were both in effect at the time of the permanent appointment. Respondents appeal and petitioner cross appeals.*

Civil Service Law § 56 (1) provides that "[a]n eligible list that

---

* To the extent that Supreme Court's order denied the motion to dismiss, it appears to be a nonfinal intermediate order in a CPLR article 78 proceeding which is not appealable as of right (*see Matter of Baker v Town of Roxbury*, 220 AD2d 961, 963 [1995], *lv denied* 87 NY2d 807 [1996]). Nevertheless, in the interest of judicial economy, we will treat respondents' notice of appeal as an application for leave to appeal and grant the application (*see Matter of Van Derwerker v Village of Kinderhook Zoning Bd. of Appeals*, 295 AD2d 676, 676 n 1 [2002]).

has been in existence for one year or more shall terminate upon the establishment of an appropriate new list, unless otherwise prescribed by the state civil service department or municipal commission having jurisdiction." Here, in support of respondents' motion to dismiss, the head of UCPD alleged that, as a matter of policy and pursuant to section 56 (1), the 2002 list had extinguished the 2000 list. In response, petitioner offered no evidence of UCPD's intent to avoid termination of the 2000 list pursuant to section 56 (1), other than the earlier extension of the 2000 list to August 2003. In our view, because the 2000 list was extended before the 2002 list was issued and there was no expression of any intent to continue the 2000 list once the 2002 list was issued, petitioner failed to raise a question of fact as to the automatic, statutory termination of the 2000 list (*see Matter of Willard v Town Bd. of Town of Hamburg,* 216 AD2d 861, 862 [1995], *lv denied* 87 NY2d 917 [1996]; *compare Matter of Morvant v Carey,* 70 AD2d 880, 881 [1979] [where civil service commission established a new promotion list while expressly continuing the old list]).

Inasmuch as the 2002 list was the only list in effect when the Department made the permanent appointment, and petitioner's name was not on the 2002 list, he did not qualify for the appointment and had no standing to challenge it (*see Matter of Altamore v Barrios-Paoli,* 90 NY2d 378, 383-384 [1997]; *Matter of Boags v Port Auth. of N.Y. & N.J.,* 162 AD2d 245, 246 [1990], *lv denied* 76 NY2d 709 [1990]). Accordingly, the petition must be dismissed for petitioner's lack of standing.

In light of the above, it is unnecessary to reach the issues raised on petitioner's cross appeal.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and petition dismissed.